J. TONY SERRA SBN 32639
MARIA BELYI SBN 270019
506 BROADWAY
SAN FRANCISCO, CA 94133
TELEPHONE: (415) 986-5591
FACSIMILE: (415) 421-1331

ATTORNEYS FOR DEFENDANT
JOSE INEZ GARCIA-ZARATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO VENUE

| UNITED STATES OF AMERICA, | ) | No. 3:17-CR-609-VC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT 1 OR COUNT 2 OF THE INDICTMENT |
| JOSE INEZ GARCIA-ZARATE, | ) | (USCS Fed. Rules Crim. Proc. R. 12(b)(3)(B)(ii) |
| Defendant. | ) | Date: Time: Courtroom: |
| | ) | ***To Be Set*** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on the date to be determined by the court, or as soon thereafter as this matter may be heard, defendant GARCIA-ZARATE, by and through counsel, will and hereby does move this Honorable Court for an order to compel the prosecution to dismiss either Count 1 or Count 2 of the indictment on the ground that the multiplicity of counts is incurably prejudicial. This motion is made pursuant to Federal Rule of Criminal Procedure section 12 and the Fifth Amendment of the United States Constitution and the authorities presented in the accompanying Memorandum of Points and Authorities.

Dated: February 9, 2018      */s/ J. Tony Serra*
                              J. TONY SERRA
                              MARIA BELYI
                              Attorneys for Defendant
                              JOSE INEZ GARCIA-ZARATE

1
*Garcia-Zarate Motion to Compel the Prosecution to Elect either Count 1 or Count 2*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On December 5, 2017, Mr. Garcia-Zarate was indicted as follows: Count 1, a violation of 18 U.S.C. section 922(g)(1), being a felon in possession of a firearm and ammunition, "to wit, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition;" and Count 2: a violation of 18 U.S.C. section 922(g)(5), being an alien illegally and unlawfully in the United States in possession of a firearm and ammunition, "to wit, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition." Both counts are alleged to have happened on the same date, July 1, 2015.

The charges against Mr. Garcia Zarate violate Federal Rules of Criminal Procedure Rule 12(b)(3)(B)(ii), to wit, "charging the same offense in more than one count." FRCP § 12(b)(3)(B)(ii). Here, the conduct alleged in each count is the same. The sole difference between the two counts is that one alleges that Mr. Garcia-Zarate was an illegal alien at the time of the alleged offense and the other alleges that he was a felon.

Mr. Garcia-Zarate contends that presenting both of the multiplicitous counts to the jury would be unduly and incurably prejudicial and would violate Double Jeopardy. He thus respectfully requests that the Court compel the prosecution to elect either Count 1 or Count 2 and dismiss the remaining count.

**I. The Prosecution Must Elect One of the Counts in the Indictment as the Multiplicity of Charges is Unduly Prejudicial.**

**A. This Motion Must Be Brought Pretrial.**

Rule 12(b)(3)(B)(ii) explicitly states that a motion addressing an indictment's defect, specifically it charging the same offense in more than one count, must be brought pretrial.

**B. The Charges against Mr. Garcia-Zarate are Multiplicitous.**

Conviction and punishment for violations of separate subsections of 18 U.S.C. § 922 has specifically been acknowledged by the courts and the Solicitor General as error for its multiplicity. *See United States v. Mavromatis*, 769 F. 3d 1194 (9th Cir. 2014); *United States v. Munoz-Romo,* 989 F. 2d 757, 758 (5th Cir. 1993).

2
*Garcia-Zarate Motion to Compel the Prosecution to Elect either Count 1 or Count 2*

### C. Presenting Both Counts to the Jury Would Unduly Prejudice Mr. Garcia-Zarate.

Often, the remedy for multiplicity of counts is addressed after the verdict, where the sentencing judge enters judgment for only one of the counts and sentences the defendant accordingly. *See e.g. Ball v. United States,* 470 U.S. 856, 865 (1985).

However courts have found that there are times when the trial court should use its discretion to compel the prosecution to elect between multiplicitous counts. The purpose of the election is to "eliminate the prejudice which [multiplictous indictments] may generate in the eyes of the jury." *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.C. Cir. 1992). Numerous offenses in an indictment arising from the same conduct "may falsely suggest to a jury that a defendant has committed not one but several crimes." *Id*. (citations omitted).  "When such a message is conveyed . . . the risk increases that the jury will be diverted from a careful analysis of the conduct at issue." *Id*.  The risk that the jury will bring down "compromise verdicts" or assume that "with so many charges pending the defendant must be guilty on at least some of them" threatens "the proper functioning of the jury system." *Id*.

"The decision whether to compel the prosecution to elect among multiplicitous counts before trial is within the discretion of the trial court." *United States v. Phillips*, 962 F. Supp. 200, 201 (D.C. Cir. 1997).  In *Phillips*, the government was compelled to elect to prosecute either unlawful possession of a firearm by a felon or possession of ammunition by a felon. *Id*. The Court explained that "at least some of the harm from multiplicitous prosecution occurs during the course of the trial itself and not merely at sentencing." *Id*. at 202.

The *Phillips* Court acknowledged that limiting jury instructions may be helpful in some circumstances, but there was no justification offered by the government to increase the prejudice against the defendant by having the multiplicitous counts go forward. *Id*.

As mentioned above, conviction and punishment for violations of separate subsections of 18 U.S.C. § 922 has specifically been acknowledged as error because of the issue of multiplicity. *See United States v. Mavromatis*, 769 F. 3d 1194 (9th Cir. 2014).  In *Mavromatis*, the defendant had been acquitted of being a felon in possession of a firearm (§922(g)(1)), but, based on the same incident of possession, charged and convicted under a new indictment of possessing a

firearm after previously being committed to a mental institution (§922(g)(4)).  *Id*.  The government filed a "motion for remand based on confession of error," acknowledging that the second prosecution violated the Double Jeopardy Clause and the established view of the Department of Justice that "Congress intended not to establish multiple offenses when the same incident of possession violates two subsections of §922(g)."  *Id*. at 1195.  The government further conceded that the Solicitor General had agreed that "§922(g) states a single offense that supports a single conviction and sentence, **rather than multiple offenses that may be charged separately**."  *Id*. (citing *United States v. Munoz-Romo,* 989 F. 2d 757, 758 (5th Cir. 1993).

      In this case, Mr. Garcia-Zarate would incur incurable prejudice if both counts were allowed to stand.  The prejudice against illegal aliens from Mexico is at an all-time high in the country; specifically, that prejudice is rooted in the premise that "they" are all dangerous criminals.  Charging Mr. Garcia-Zarate as both an illegal alien and a felon will so taint the jury as to take away from the key question at issue: did Mr. Garcia-Zarate possess a weapon?  No jury instructions or other curative means would take away from the damage of compounding these two allegations, and the prosecution has no need to use them both, as a conviction under either §922(g)(1) or §922(g)(5) would render the same result.

      Mr. Garcia-Zarate therefore respectfully requests that this Court compel the prosecution to elect one of the Counts to pursue against Mr. Garcia-Zarate and dismiss the remaining count.

## CONCLUSION

      The indictment, as it stands, is unlawfully multiplicitous and prejudicial.  Mr. Garcia-Zarate respectfully requests that this Court mandate that one of these counts be dismissed.

Dated: February 9, 2018                      Respectfully submitted,

                                                           /s/  *J. Tony Serra*
                                                         J. TONY SERRA
                                                         MARIA BELYI
                                                         Attorneys for Defendant
                                                         JOSE INEZ GARCIA-ZARATE