

*United States Attorney*
*Northern District of California*



9th Floor, Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102-3495

Ph: (415)436-7071
Fax: (415) 436-6748
robin.wall@usdoj.gov

July 17, 2017

**BY HAND DELIVERY**

The Honorable Richard Loftus
Judge of the Superior Court
County of San Francisco
Department 22, 3rd Floor
Hall of Justice
850 Bryant St.
San Francisco, CA 94103

Re:     ***People of the State of California v. Juan Francisco Lopez Sanchez,***
        **San Francisco Superior Court**
        **Case No. 15014736**

Dear Judge Loftus:

This letter is submitted as a special appearance in connection with Judge Garrett L. Wong's Certificate of Judge Requesting Out-Of-County Summons, dated June 30, 2017, in connection with the Subpoena and Subpoena Duces Tecum directing John Woychowski, an employee of the United States Department of the Interior, Bureau of Land Management ("BLM"), to appear to provide testimony in the above-referenced case on July 14, 2017, at 9:00 a.m., and to produce certain agency documentation, records, and communications. A copy of the Certificate and Subpoena and Subpoena Duces Tecum is attached.

This letter is also submitted in opposition to the Ex Parte Motion, dated July 14, 2017, filed by the Public Defender, which seeks to have a federal law enforcement officer arrested and transported 600 miles from El Centro, California to this Court on the grounds that the officer—a BLM Ranger—did not appear to provide testimony in a trial that has not yet begun and likely will not begin for many weeks. Specifically, the Public Defender seeks a "Body Attachment" and the arrest of Mr. Woychowski to bring him "immediately" from El Centro, California to this Court to show cause why he did not appear and produce BLM records on July 14, 2017, pursuant to subpoena. A copy of the Ex Parte Motion is attached.

July 17, 2017
Page 2

 The Ex Parte Motion is without merit and should be denied.  First, the U.S. Department of the Interior ("DOI") has already explained and shown cause why its employee did not appear and produce federal records on July 14:  the Public Defender did not make a request for testimony or records to DOI, and so the agency has not had an opportunity to consider any such request and authorize Mr. Woychowski to appear or produce agency records.  As explained in the letter dated July 13, 2017, from DOI Regional Solicitor Clementine Josephson, neither Mr. Woychowski nor any BLM records were made available on Friday, July 14, at 9 a.m., because the Public Defender had not asked DOI and the DOI had not authorized Mr. Woychowski to testify or provide agency records.  It is not clear why the Public Defender did not make a request to the agency, but decided to proceed improperly against Mr. Woychowski individually.  In any event, without agency approval, DOI regulations prohibit Mr. Woychowski's testimony or the production of agency records in this matter.  *See* 43 C.F.R. § 2.281.

 In order to obtain DOI approval for employee testimony or the production of agency documents, a party must typically submit a written request, referred to as a "*Touhy* Request," pursuant to 43 C.F.R. § 2.281.  In state and tribal criminal court proceedings, DOI approval for employee testimony and the production of documents can be obtained and provided without a formal *Touhy* Request.  *See* 43 C.F.R. § 2.80(c)(4).  In any event, no request—formal or informal—was made to the agency here.

 The DOI has invited the Public Defender to submit a request to the agency for Mr. Woychowski's testimony and the production of agency records.  Ms. Josephson's July 13 letter lays out the information that the agency considers in evaluating such requests.  This office has been informed that trial is unlikely to start for a number of weeks, which leaves plenty of time for the Public Defender to submit a request to DOI and for DOI to consider and respond to the request before trial begins.  BLM Rangers like Mr. Woychowski regularly provide testimony in state and tribal criminal proceedings, and DOI has indicated that it will process any request expeditiously (within 1-2 days).

 Second, the Ex Parte Motion should be denied because Mr. Woychowski's non-appearance had no impact on any criminal proceeding.  Mr. Woychowski's could not have provided testimony on Friday, July 14, even if authorized by Mr. Lopez Sanchez has not started.  In fact, this office was informed that the hearing on July 14 was a trial setting conference and that trial was at least 60 days off.  The Public Defender's Ex Parte Motion does not explain why it was important for Mr. Woychowski to travel 600 miles to attend the July 14 trial setting conference where he would not have been expected to testify; nor has the Public Defender made any showing regarding why Mr. Woychowski's "immediate" presence in San Francisco is necessary, given that trial is weeks away.

 Third, the Ex Parte Motion should be denied because the issuance of a Body Attachment would impose a wholly unnecessary and undue burden on Mr. Woychowski.  Mr. Woychowski lives and works almost 600 miles away from the San Francisco courthouse.  Trial in the Lopez Sanchez matter has not started, and even after it begins, it may be weeks before the defense puts on its case.  There is no conceivable need to compel Mr. Woychowski's immediate attendance in San Francisco at a trial that has not yet begun.  Moreover, it is not appropriate to threaten Mr.

Woychowski with arrest when—as the Public Defender has been informed—the decision regarding his testimony and the disclosure of BLM records is not his to make.

Fourth, the Ex Parte Motion should be denied because the doctrine of sovereign immunity and the Supremacy Clause (U.S. Constitution, Art. VI, Cl. 2) limit the ability of the Court to enforce the subpoena. A subpoena proceeding against a federal employee or agency to obtain official information is an action the effect of which falls upon the government and seeks to compel it to act. *See Boron Oil Co. v. Downie*, 873 F. 2d 67, 69 (4th Cir. 1989). Accordingly, a subpoena enforcement proceeding implicates sovereign immunity and is barred absent an applicable statutory waiver. No such waiver exists in typical state court subpoena matters involving an Executive agency; thus, state courts generally lack the power to compel such agencies and their employees to produce evidence. *See id.*, 873 F. 2d at 71; *In re Elko County Grand Jury*, 109 F 3d 554, 556 (9th Cir. 1997). No such waiver exists here that would permit enforcement of the subpoena for testimony and federal records from Mr. Woychowski.

Supremacy Clause (U.S. Constitution, Art. VI, Cl. 2) considerations also limit a state court's authority to enforce subpoenas against federal agencies and officers. Congress has expressly limited review of federal agency action to the federal courts in the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702. A state court's assertion of power to decide whether a subpoena should be enforced is, effectively, an assertion of the power of judicial review over a federal agency's decision concerning production of evidence. Such review "directly contravenes 5 U.S.C. § 702," and thereby violates the Supremacy Clause. *Boron Oil*, 873 F. 2d at 71. Thus, any order compelling Mr. Woychowski to produce testimony or evidence is subject to removal to federal district court. *Swett v. Schenk*, 792 F. 2d 1447, 1449-51 (9th Cir. 1986).

The Public Defender's argument also proceeds from an incorrect factual premise—that the June 30 endorsed subpoena seeks testimony and documents from Mr. Woychowski that are "irrelevant to his federal employment." This is not accurate. On its face, the subpoena seeks BLM, not private, records ("any records, requests, or notice submitted to your employer"). The Public Defender is also seeking testimony related to Mr. Woychowski's federal employment, including testimony regarding the "condition" and "maintenance and care" of his federal service firearm. Finally, Mr. Woychowski was not "off duty" when his firearm was stolen—he was traveling through San Francisco to a new duty station at the direction and with the authorization of the BLM.

Finally, the legal arguments asserted in support of the Ex Parte Motion are without merit. The Public Defender's assertion of due process interests under the Fifth, Sixth, and Fourteenth Amendments is premature, because a request has not been made to DOI, much less denied. Any such concerns would be rendered entirely moot if a request were simply made and the testimony authorized by the agency.

Contrary to the Public Defender's assertion, 43 CFR § 2.280(c)(4) does not decide the issue raised by the endorsed subpoena and Ex Parte Motion. As discussed above, that Section permits DOI employee testimony and the production of records in connection with, for example, state and tribal criminal proceedings without the need for a formal *Touhy* request. That Section

July 17, 2017
Page 4

does <u>not</u> waive the sovereign immunity and Supremacy Clause principles discussed above that prevent the enforcement of a state court subpoena against an individual federal employee to compel testimony and the production of federal agency records. *See United States v. Testan*, 424 U.S. 392, 399 (1976) (waivers of sovereign immunity must be clear and explicit).

In sum, there is an available process to obtain the testimony of Mr. Woychowski for trial and the production of BLM records. The DOI has invited the Public Defender to participate in that process and make a request, and this office has informed the Public Defender that it will help facilitate that process.

Although the DOI will not be producing Mr. Woychowski to testify at this time, Assistant United States Attorney Robin Wall will appear on July 21, 2017 at 9:00 a.m. to address any questions the Court may have regarding this matter.

Respectfully yours,

BRIAN J. STRETCH
United States Attorney

ROBIN M. WALL
Assistant United States Attorney

Cc:   Clementine Josephson, Esq. (via email)
      Kevin Mack, Esq. (via email)
      Matt Gonzalez, Esq. (via email)
      Francisco Ugarte, Esq. (via email)
      Diana Garcia, Esq. (via email)

# EXHIBIT 1
# SUBPOENA

JEFF ADACHI
Public Defender
City and County of San Francisco
MATT GONZALEZ
Chief Attorney, State Bar No. 153486
555 Seventh Street
San Francisco, CA 94103
(415) 553-9331
Attorneys for Defendant

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

PEOPLE OF THE STATE OF
CALIFORNIA,

        Plaintiff,

        vs.

JuanFrancisco LopezSanchez,

        Defendant.

MCN: 15014736

Certificate of Judge Requesting Out of
County Summons for Witness John
Woychowski Pursuant to Penal Code
§1330

Date:
Time:
Dept.:

CERTIFICATE OF JUDGE REQUESTING OUT-OF-COUNTY
SUMMONS FOR WITNESS JOHN WOYCHOWSKI PURSUANT TO
CALIFORNIA PENAL CODE SECTION 1330

    I, Garrett Wong, Superior Court Judge for the City and County of San Francisco, State of California, a Court of record, do hereby certify that:

    This Certificate is made for the purpose of being presented to a Judge of a Court of record of the State of California, County of Imperial, where the witness John Woychowski is now located, upon proceedings to compel said witness to attend and testify at the trial in the above captioned criminal proceeding before this Court (Department 22 of the Superior Court for the State of California, City and County of San Francisco, located at 850 Bryant Street, San Francisco, California) on July 14, 2017.

CR-125/JV-525

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jeff Adachi, Public Defender
Matt Gonzalez, Chief Attorney, SBN:153486
San Francisco Public Defender
555 Seventh Street
  TELEPHONE NO.: (415) 553-9315      FAX NO. *(Optional):* 415-553-9810
EMAIL ADDRESS *(Optional):*  Matt.Gonzalez@sfgov.org
ATTORNEY FOR *(Name):*  JUANFRANCISCO LOPEZSANCHEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 850 Bryant St.
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94103
  BRANCH NAME:

CASE NAME: PEOPLE V. JUANFRANCISCO LÓPEZSANCHEZ

| ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS: Subpoena/Subpoena Duces Tecum | CASE NUMBER: 15014736 |
|---|---|

**You must attend court or provide to the court the documents listed below. Follow the orders checked in item 2 below.   If you do not, the judge can fine you, send you to jail, or issue a warrant for your arrest.**

1.  To: *(name or business)* John Woychowski

2.  You must follow the court order(s) checked below:
   a. ☐  Attend the hearing.
   b. ☒  Attend the hearing *and* bring all items checked in c. below.
   c. ☒  Provide a copy of these items to the court (Do not use this form to obtain Juvenile Court records):
     (1) Any and all documentation, records, and communications regarding  your Sig Sauer firearm reported stolen
     (2)  to San Francisco Police Department on June 27, 2015, including any records, requests, or notice submitted to
     (3) your employer.

   ☐  If this box is checked, provide all items listed on the attached sheet labeled "Provide These Items."
   d. ☐  If someone else is responsible for maintaining the items checked in c. above, that person (the Custodian of Records) must also attend the hearing.
   e. ☐  If this box is checked and you deliver all items listed above to the court within 5 days of service of this order, you do not have to attend court if you follow the instructions in item 5.

3.  **Court Hearing Date:**                    **The court hearing will be at** *(name and address of court):*
   Date: 07/14/2017     Time: 9:00AM        850 Bryant Street
   Dept.: S22     Rm.:              San Francisco, CA 94103

   Call the person listed in item 4 below to make sure the hearing date has not changed. If you cannot go to court on this date, you must get permission from the person in item 4.  You may be entitled to witness fees, mileage, or both, in the discretion of the court.  Ask the person in item 4 after your appearance.

4.  The person who has required you to attend court or provide documents is:
   Matt Gonzalez, Deputy Public Defender              Phone No.: (415) 553-9315        FOR COURT USE ONLY
   San Francisco Public Defender
   555 Seventh St.
   San Francisco, CA 94103

   Date: 6/28/2017      Signature ▶

                    Name and Title

Form Adopted for Mandatory Use
Judicial Council of California
CR-125/JV-525 [Rev. July 1, 2007]
**ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:**
Subpoena/Subpoena Duces Tecum
(Criminal and Juvenile)
Page 1 of 2

| CASE NAME: | CR-125/JV-525 |
|---|---|
| People v. JUANFRANCISCO LOPEZSANCHEZ | CASE NUMBER: 15014736 |

5 a.  Put all items checked in item 2c and your completed *Declaration of Custodian of Records* form in an envelope. (You can ask the person in item 4 where to get this form.) Attach a copy of page 1 of this order to the envelope.

b.  Put the envelope inside another envelope. Then, attach a copy of page 1 of this form to the outer envelope or write this information on the outer envelope:

    (1) Case name
    (2) Case number
    (3) Your name
    (4) Hearing date, time, and department

c.  Seal and mail the envelope to the Court Clerk at the address listed in ☒ item 3 or ☐ The court address in the caption on page 1. You must mail these documents to the court within five days of service of this order.

d.  If you are the Custodian of Records, you must also mail the person in item 4 a copy of your completed *Declaration of Custodian of Records. Do not include a copy of the documents*

__ *The server fills out the section below* __

## Proof of Service of CR-125/JV-525

1.  I personally served a copy of this subpoena on:
    Date: _____  Time: _____ ☐ a.m. ☐ p.m.
    Name of the person served: _____
    At this address: _____
    After I served this person, I mailed or delivered a copy of this Proof of Service to the person in item 4 on *(date):* _____
    Mailed from *(city):* _____

2.  I received this order for service on *(date):* _____ and was not able to serve *(name of person)* _____
    after *(number of attempts)* _____ attempts because:

    a.  ☐  The person is not known at this address.
    b.  ☐  The person moved and the forwarding address is not known.
    c.  ☐  There is no such address.
    d.  ☐  The address is in a different county.
    e.  ☐  I was not able to serve by the hearing date.
    f.  ☐  Other *(explain):* _____

3.  Server's name: _____  Phone no. _____
4.  The server *(check one)*
    a.  ☐  is a registered process server.    d.  ☐  works for a registered process server.
    b.  ☐  is not a registered process server.    e.  ☒  is exempt from registration under Business and Professional Code
    c.  ☐  is a sheriff, marshal, or constable.        section 22350(b).
5.  Server's address:  555 7th St., San Francisco, CA 94103
    If server is a registered process server:
    County of registration: _____  Registration no.: _____

I declare under penalty of perjury under the laws of the State of California that I am at least 18 years old and not involved in this case and the information above is true and correct.

Date: _____

▶ _____    ▶ _____
    *TYPE OR PRINT NAME OF SERVER*           *SIGNATURE OF SERVER*

1       The State of California has adopted Penal Code Section 1330 and has by law made

2   reciprocal provisions for commanding persons who reside out of county and within the

3   State of California to attend and testify in other counties pursuant to said act. California

4   Penal Code sections 1330 *et seq.*

5       Defendant JuanFrancisco LopezSanchez is charged in the above captioned matter

6   with violations of California Penal Code Section(s) 187(a) and 245(b). The allegations

7   arise out of an incident that occurred in San Francisco, California on or about July 1,

8   2015. The witness listed above is the owner of the firearm at issue in this case and his

9   testimony is material and necessary to the defense. The witness John Woychowski

10  resides in Imperial, CA, and was visiting San Francisco at the time of this case. This

11  witness is critical to Mr. LopezSanchez's defense and he must testify in order for Mr.

12  LopezSanchez to have a fair trial.

13      The witness John Woychowski is a resident of Imperial and resides at 683 Dulles

14  Ct W, Imperial, CA 92251. Mr. Woychowski is a material and necessary witness

15  pursuant to California Penal Code section 1330. The witness Mr. Woychowski will be

16  provided with ~~air transportation, lodging in San Francisco, and a per diem~~ *a witness fee of $12.00 for each day's actual attendance and for a reasonable sum to be specified in a separate order for the necessary expenses*

17  ~~twenty dollars for each day of travel and/or testimony.~~ *of the witness. Penal Code*

18  DATED: June __30__, 2017        *section 1329(a).*

19

20

21                  Hon. Garrett Wong

22                  Superior Court Judge

23

24

25

26

27

28

# EXHIBIT 2
# EX PARTE MOTION

1 Jeff Adachi
Public Defender
2 City and County of San Francisco
Matt Gonzalez, SBN 153486
3 Chief Attorney
Deputy Public Defender
4 555 Seventh Street
San Francisco, CA 94103
5 Direct:(415) 553-9315
Main: (415) 553-1671

6 Attorneys for Juan Francisco Lopez Sanchez

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 1 4 2017

CLERK OF THE COURT
BY: _CHRISTIAN SABUGO_
Deputy Clerk

7    **Superior Court of the State of California**
8    **County of San Francisco**

9 People of the State of California,          SCN: 224636
10            Plaintiff,                      Ltd. Juris. No.: 15014736
11    vs.
12 Juan Francisco Lopez Sanchez,              Date:    July 14, 2017
                                             Time:    9:00 AM
13            Defendant.                      Dept:    22
14
15
16    **Ex Parte Motion Requesting Issuance of Body Attachment for,**
      **and Order to Bring, Material Witness to Court Forthwith**

17    TO: The Honorable Judge of the Above-Entitled Court:

18    Please take notice that on July 14, 2017 at 9:00 a.m., Defendant will ask this Court to

19 issue a body attachment for John Woychowski and order that he be brought immediately

20 to court for a hearing pursuant to Penal Code §§881; 980, 1196; and CCP §1993.

21    The Motion will be based upon the supporting declaration attached to this notice of

22 motion, and any reports, documents and evidence, whether oral or written, presented at

23 the time the motion is heard.

24 Dated July 14, 2017

25                                    Respectfully submitted,

26

27                                    Francisco Ugarte
                                     Deputy Public Defender, Office of the Public
28                                   Defender
                                     Attorney for Juan Francisco Lopez Sanchez

- 2 -

1  Jeff Adachi
   Public Defender
2  City and County of San Francisco
   Matt Gonzalez, SBN 153486
3  Chief Attorney
   Deputy Public Defender
4  555 Seventh Street
   San Francisco, CA 94103
5  Direct:(415) 553-9315
   Main: (415) 553-1671
6
7  Attorneys for Juan Francisco Lopez Sanchez
8
   **Superior Court of the State of California**
   **County of San Francisco**
9
10 **People of the State of California,**          SCN: 224636
                                                    Ltd. Juris. No.: 15014736
               Plaintiff,
11
12         vs.
                                                    Date:    July 14, 2017
13 **Juan Francisco Lopez Sanchez,**                Time:    9:00 AM
                                                    Dept:    22
               Defendant.
14
15
16
                        **Declaration of Counsel**
17
18     I, the undersigned, declare:

19     I am the an attorney employed by the San Francisco Public Defender's Office, and in

20 that capacity, I represent defendant in this matter.

21     Based on the case records and other information, I am informed and believe that:

22     1. Defendant Juan Francisco Lopez Sanchez is charged in the above captioned matter

23 with violations of California Penal Code Section(s) 187(a) and 245(b).  The allegations

24 arise out of an incident that occurred in San Francisco, California on or about July 1,

25 2015.

26     2. John Woychowski, of Imperial, California, is the owner of the firearm at issue in

27 this case and his testimony is relevant, material, and necessary to the defense.

28

                              - 3 -

                                              Motion for Body Attachment
                                              People v. Lopez Sanchez / 15014736

3. Having found him to be a material witness in this case, this Court issued a Certificate Requesting Out-Of-County Summons for the witness to appear in Department 22 on July 14, 2017 pursuant to California Penal Code Section 1330.

4. The Certificate was filed on July 3, 2017. (See Ex. A)

5. The subpoena was personally served on John Woychowski at his home address by a process server on July 11, 2017. (See Ex. A)

6. On July 13, 2017, I received notice from the United States Department of the Interior's Office of the Solicitor for the Pacific Southwest Region that they will not allow the subpoenaed witness, John Woychowski, to come testify in this criminal matter.

7. Mr. Woychowski's involvement in this case stems from his visit to San Francisco — not any action or omission he committed in the course of his employment.

8. The materials sought are not the possessions or materials of the federal government, but of a citizen of the State of California.

This witness is critical to Mr. Lopez Sanchez's defense and he must testify in order for Mr. Lopez Sanchez to have a fair trial.

I declare under penalty of perjury that the foregoing is true and correct, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Executed on _7 /14/ 2017_ at San Francisco, California.

Francisco Ugarte
Deputy Public Defender

- 4 -

# EXHIBIT A



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Pacific Southwest Region
2800 Cottage Way
Room E-1712
Sacramento, California 95825-1890

IN REPLY
REFER TO:

July 13, 2017

Mr. Matt Gonzalez, Esq.
Chief Attorney
San Francisco Public Defender
555 Seventh Street
San Francisco, CA 94103

      Subject: *People of the State of California v. JuanFrancisco LopezSanchez*, Superior
      Court of California, City and County of San Francisco, Case No. MCN:
      15014736 - Subpoena and Subpoena Duces Tecum issued to BLM Ranger
      John Woychowski and the BLM.

Dear Mr. Gonzalez:

This letter responds to the Subpoena and Subpoena Duces Tecum for personal appearance and production of certain documents, records and communications dated June 28, 2017 (filed with the court on July 3, 2017 at 3:50 p.m.), which you directed to United States Department of the Interior, Bureau of Land Management (BLM) Ranger John Woychowski in *People of the State of California v. JuanFrancisco LopezSanchez*, Superior Court of California, City and County of San Francisco, Case No. MCN: 15014736.

The BLM is a bureau of the United States Department of the Interior (Department). The Department's regulations set forth at 43 Code of Federal Regulations §§ 2.280-2.290 govern the testimony of its employees and former employees as well as the production of documents, and provide generally:

      [I]t is the Department's general policy not to allow its employees to testify or to
      produce Department records either upon request or by subpoena.

43 C.F.R. § 2.281(a). In order to obtain Department employee testimony or documents, you must submit a written request, referred to as a "*Touhy* Request," pursuant to § 2.282. While these regulations provide at § 2.80 (c) (4) that this subpart does not apply to "Federal, State and Tribal criminal court proceedings" in fact, the Department will review your *Touhy* Request and

decide whether to deny it, or narrow the scope of any testimony or production allowed based on your written request. Clarity and thoroughness of your request is extremely important and helpful to the Department in reviewing your *Touhy* Request. In accordance with § 2.284, an individual submitting a written request for a Department employee's testimony or records must:

(a) Identify the employee or record;

(b) Describe the relevance of the desired testimony or records to your proceeding and provide a copy of the pleadings underlying your request;

(c) Identify the parties to your proceeding and any known relationships they have to the Department's mission or programs;

(d) Show that the desired testimony or records are not reasonably available from any other source;

(e) Show that no record could be provided and used in lieu of employee testimony;

(f) Provide the substance of the testimony expected of the employee; and

(g) Explain why you believe your *Touhy* Request complies with § 2.288.

Pursuant to § 2.288, in deciding whether to grant a *Touhy* Request, the Department will consider a number of factors including your ability to obtain the testimony or records from another source, the appropriateness of the testimony or record request in relation to other law, and the Department's ability to maintain and conduct official business.

You have not requested the Department's approval for the subpoena for the appearance of Ranger Woychowski or the production of documents described in the subpoena and no such approval has been given. Without such approval, Department regulations prohibit Ranger Woychowski's testimony or the the production of documents by BLM in this matter. 43 C.F.R. § 2.281.

The United States Supreme Court has specifically recognized the authority of a federal agency to restrict the testimony of its subordinates. In *Touhy v. Ragan*, 340 U.S. 462 (1951), the Court held that a United States Department of Justice employee could not be held in contempt for his refusal to obey a subpoena *duces tecum* when his refusal was at the direction of the Attorney General. The Ninth Circuit recognizes that a state court's enforcement of its subpoena against the Federal government is barred by the United States' sovereign immunity. *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986); *In re Elko County Grand Jury v. Ben Siminoe*, 109 F.3d 554, (1997).

If you wish to pursue a request to obtain documents or an employee's testimony in the context of the subject litigation, you must submit a *Touhy* Request pursuant to the regulations found at 43 C.F.R. §§ 2.280 - 2.290. Accordingly, please withdraw your subpoena for personal appearance and production of documentation, records and communications and confirm the withdrawal of your subpoena in writing. If you wish to discuss this matter further, please call me at 916-978-5682. Since the Department has neither received nor approved a *Touhy* Request in this matter, the Department cannot make John Woychowski available to testify or produce any documents, records or communications on July 14, 2017, as requested in your subpoena. Thank you for your courtesy and cooperation in this matter.

Sincerely,

Clementine Josephson
Regional Solicitor

cc: Robin Wall, Assistant United States Attorney, Northern District of California
    Kevin Mack, Assistant Regional Solicitor, Pacific Southwest Region
    Jerome Perez, State Director, BLM California
    Ranger John Woychowski, BLM

# EXHIBIT  B

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | *FOR COURT USE ONLY* |
|---|---|
| DANIELLE THOMPSON<br>SAN FRANCISCO PUBLIC DEFENDER<br>555 SEVENTH STREET<br>SAN FRANCISCO, CA 94103<br><br>    TELEPHONE NO.: (415) 940-1284<br>    EMAIL ADDRESS: danielle.l.thompson@sfgov.org<br>    ATTORNEY FOR: Defendant JUAN FRANCISCO LOPEZ SANCHEZ | |

| SUPERIOR, COUNTY OF SAN FRANCISCO | |
|---|---|
| STREET ADDRESS: 850 BRYANT ST.<br>MAILING ADDRESS: 850 BRYANT ST.<br>CITY AND ZIP CODE: SAN FRANCISCO, 94103<br>BRANCH NAME: | |

| | |
|---|---|
| PLAINTIFF: PEOPLE OF THE STATE OF CALIFORNIA<br>DEFENDANT: JuanFrancisco LopezSanchez | CASE NUMBER:<br>15014736 |
| PROOF OF SERVICE | Ref. No. or File No.:<br>MCN: 15014736 |

1.   I am over 18 years of age and not a party to this action.

2.   Received by APT Legal Serve on 7/11/2017 at 11:49 am to be served on JOHN W. WOYCHOWSKI, 683 DULLES CT W, IMPERIAL, IMPERIAL County, CA 92251-9002.

3.   INDIVIDUALLY/PERSONALLY served by delivering a true copy of the ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS, Subpoena/Subpoena Duces Tecum (Criminal and Juvenile) and CERTIFICATE OF JUDGE REQUESTING OUT OF COUNTY SUMMONS FOR WITNESS JOHN WOYCHOWSKI PURSUANT TO PENAL CODE § 1330. with the date and hour of service endorsed thereon by me, to: JOHN W. WOYCHOWSKI at the address of: 683 DULLES CT W, IMPERIAL, IMPERIAL County, CA 92251-9002, and informed said person of the contents therein, in compliance with state statutes.

4.   Date and Time of service: 7/11/2017 at 2:00 pm

5.   Additional Information pertaining to this service:

     07/11/2017  2:00 PM  SERVED JOHN WOYCHOWSKI.  HE IS CAUCASIAN, APPROXIMATELY 45 YRS. OLD,
                          5'2" TALL, 210 LBS. WITH BLEACHED WHITE HAIR AND WAS NOT WEARING
                          GLASSES.

6.   I am an independent contractor of a registered California process server.

7.   My name, address, telephone number, and, if applicable, county of registration and number are:

     Name: JESSE LOPEZ
     Firm: APT Legal Serve
     Address: P.O. Box 3592, El Centro, CA 92244-3592
     Telephone number: (760) 352-3328
     Registration Number: 201560000005
     County: Imperial County

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:     JUL 1 1 2017

_____              _____
JESSE LOPEZ                                          *Jesse Lopez*
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)     (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

PROOF OF SERVICE                                    Job Number GRO-2017000881

CR-125/JV-525

| CASE NAME: | |
|---|---|
| People v. JUANFRANCISCO LOPEZSANCHEZ | CASE NUMBER:<br>15014736 |

5 a. Put all items checked in item 20 and your completed *Declaration of Custodian of Records* form in an envelope. (You can ask the person in item 4 where to get this form.) Attach a copy of page 1 of this order to the envelope.

b. Put the envelope inside another envelope. Then, attach a copy of page 1 of this form to the outer envelope or write this information on the outer envelope:

(1) Case name

(2) Case number

(3) Your name

(4) Hearing date, time, and department

c. Seal and mail the envelope to the Court Clerk at the address listed in ☒ item 3 or ☐ the court address in the caption on page 1. You must mail these documents to the court within five days of service of this order.

d. If you are the Custodian of Records, you must also mail the person in item 4 a copy of your completed *Declaration of Custodian of Records. Do not include a copy of the documents*

___ The server fills out the section below ___

## Proof of Service of CR-125/JV-525

1. I personally served a copy of this subpoena on:

Date: June 11, 2017   Time: 2:00   ☐ a.m.   ☒ p.m.

Name of the person served:   John W Woychowski

At this address:   683 Dulles Ct W, Imperial, CA 92251

After I served this person, I mailed or delivered a copy of this Proof of Service to the person in item 4 on *(date)*:   June 11, 2017

Mailed from *(city)*:   El Centro

2. I received this order for service on *(date)*: _____   and was not able to serve *(name of person)* _____

after *(number of attempts)* _____   attempts because:

a. ☐ The person is not known at this address.

b. ☐ The person moved and the forwarding address is not known.

c. ☐ There is no such address.

d. ☐ The address is in a different county.

e. ☐ I was not able to serve by the hearing date.

f. ☐ Other *(explain)*: _____

3. Server's name: _____   Phone no. _____

4. The server *(check one)*

a. ☒ Is a registered process server.

b. ☐ Is not a registered process server.

c. ☐ Is a sheriff, marshal, or constable.

d. ☐ works for a registered process server.

e. ☒ Is exempt from registration under Business and Professional Code section 22350(b).

5. Server's address: 555 7th St., San Francisco, CA 94103

If server is a registered process server:

County of registration:   Imperial   Registration no.:   201560000005

I declare under penalty of perjury under the laws of the State of California that I am at least 18 years old and not involved in this case and the information above is true and correct.

Date:   June 11, 2017

▶ Jesse Lopez

*TYPE OR PRINT NAME OF SERVER*

▶ *Jesse Lopez*

*SIGNATURE OF SERVER*

ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:
Subpoena/Subpoena Duces Tecum
(Criminal and Juvenile)

CR-125/JV-525

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeff Adachi, Public Defender<br>Matt Gonzalez, Chief Attorney, SBN:153486<br>San Francisco Public Defender<br>555 Seventh Street<br>TELEPHONE NO.: (415) 553-9315     FAX NO. *(Optional):* 415-553-9810<br>E-MAIL ADDRESS *(Optional):* Matt.Gonzalez@sfgov.org<br>ATTORNEY FOR *(Name):*  JUANFRANCISCO LOPEZSANCHEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:   850 Bryant St.
MAILING ADDRESS:
CITY AND ZIP CODE:   San Francisco, CA 94103
BRANCH NAME:

CASE NAME:  PEOPLE V. JUANFRANCISCO LOPEZSANCHEZ

| ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:<br>Subpoena/Subpoena Duces Tecum | CASE NUMBER:<br>15014736 |
|---|---|

You must attend court or provide to the court the documents listed below. Follow the orders checked in item 2 below.   If you do
not, the judge can fine you, send you to jail, or issue a warrant for your arrest.

1.  To: *(name or business)*  John Woychowski

2.  You must follow the court order(s) checked below:
   a.  ☐  Attend the hearing.
   b.  ☒  Attend the hearing *and* bring all items checked in c. below.
   c.  ☒  Provide a copy of these items to the court (Do not use this form to obtain Juvenile Court records):
      (1) Any and all documentation, records, and communications regarding  your Sig Sauer firearm reported stolen
      (2)  to San Francisco Police Department on June 27, 2015, including any records, requests, or notice submitted to
      (3)  your employer.

      ☐  *If this box is checked, provide all items listed on the attached sheet labeled "Provide These Items."*

   d.  ☐  If someone else is responsible for maintaining the items checked in c. above, that person (the Custodian of Records) must
            also attend the hearing.
   e.  ☐  If this box is checked and you deliver all items listed above to the court within 5 days of service of this order, you
            do not have to attend court if you follow the instructions in item 5.

3. | Court Hearing Date: | | The court hearing will be at *(name and address of court):* |
   |---|---|---|
   | Date: 07/14/2017 | Time: 9:00AM | 850 Bryant Street |
   | Dept.:S22 | Rm.: | San Francisco, CA 94103 |

   Call the person listed in item 4 below to make sure the hearing date has not changed. If you cannot go to court on this date,
   you must get permission from the person in item 4.  You may be entitled to witness fees, mileage, or both, in the discretion of
   the court.  Ask the person in item 4 after your appearance.

4.  The person who has required you to attend court or provide documents is:
   Matt Gonzalez, Deputy Public Defender          Phone No.: (415) 553-9315
   San Francisco Public Defender
   555 Seventh St.
   San Francisco, CA 94103

   FOR COURT USE ONLY

   Date: 6/28/2017          Signature ►
                                          *Name and Title*

Form Adopted for Mandatory Use
Judicial Council of California
CR-125/JV-525 [Rev. July  1, 2007]

ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:
Subpoena/Subpoena Duces Tecum
(Criminal and Juvenile)

Page 1 of 2

CR-125/JV-525

| CASE NAME: | CASE NUMBER: |
|---|---|
| People v. JUANFRANCISCO LOPEZSÁNCHEZ | 15014736 |

5 a. Put all items checked in item 2c and your completed *Declaration of Custodian of Records* form in an envelope. (You can ask the person in item 4 where to get this form.) Attach a copy of page 1 of this order to the envelope.

b. Put the envelope inside another envelope. Then, attach a copy of page 1 of this form to the outer envelope or write this information on the outer envelope:

  (1) Case name
  (2) Case number
  (3) Your name
  (4) Hearing date, time, and department

c. Seal and mail the envelope to the Court Clerk at the address listed in ☒ item 3 or ☐ The court address in the caption on page 1. You must mail these documents to the court within five days of service of this order.

d. If you are the Custodian of Records, you must also mail the person in item 4 a copy of your completed *Declaration of Custodian of Records*. Do *not* include a copy of the documents

___ The server fills out the section below ___

## Proof of Service of CR-125/JV-525

1. I personally served a copy of this subpoena on:
   Date: _____ Time: _____ ☐ a.m. ☐ p.m.
   Name of the person served: _____
   At this address: _____
   After I served this person, I mailed or delivered a copy of this Proof of Service to the person in item 4 on *(date):* _____
   Mailed from *(city):* _____

2. I received this order for service on *(date):* _____ and was not able to serve *(name of person)* _____ after *(number of attempts)* _____ attempts because:

   a. ☐ The person is not known at this address.
   b. ☐ The person moved and the forwarding address is not known.
   c. ☐ There is no such address.
   d. ☐ The address is in a different county.
   e. ☐ I was not able to serve by the hearing date.
   f. ☐ Other *(explain):* _____

3. Server's name: _____ Phone no. _____
4. The server *(check one)*
   a. ☐ is a registered process server.    d. ☐ works for a registered process server.
   b. ☐ is not a registered process server.    e. ☒ is exempt from registration under Business and Professional Code
   c. ☐ is a sheriff, marshal, or constable.        section 22350(b).
5. Server's address: 555 7th St., San Francisco, CA 94103
   If server is a registered process server:
   County of registration: _____ Registration no.: _____

I declare under penalty of perjury under the laws of the State of California that I am at least 18 years old and not involved in this case and the information above is true and correct.

Date: _____

► _____  ► _____
  *TYPE OR PRINT NAME OF SERVER*        *SIGNATURE OF SERVER*

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2017 JUL -3 PM 3:50

CLERK OF THE COURT
BY_____
DEPUTY CLERK

1  JEFF ADACHI
2  Public Defender
   City and County of San Francisco
3  MATT GONZALEZ
   Chief Attorney, State Bar No. 153486
4  555 Seventh Street
   San Francisco, CA 94103
5  (415) 553-9331
   Attorneys for Defendant
6

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

10  PEOPLE OF THE STATE OF                    MCN: 15014736
    CALIFORNIA,
11                                            Certificate of Judge Requesting Out of
12            Plaintiff,                       County Summons for Witness John
                                              Woychowski Pursuant to Penal Code
13       vs.                                  §1330
14
15  JuanFrancisco LopezSanchez,
                                              Date:
16            Defendant.                      Time:
                                              Dept.:
17

18       CERTIFICATE OF JUDGE REQUESTING OUT-OF-COUNTY
19      SUMMONS FOR WITNESS JOHN WOYCHOWSKI PURSUANT TO
               CALIFORNIA PENAL CODE SECTION 1330
20       I, Garrett Wong, Superior Court Judge for the City and County of San Francisco,

21  State of California, a Court of record, do hereby certify that:

22       This Certificate is made for the purpose of being presented to a Judge of a Court of

23  record of the State of California, County of Imperial, where the witness John

24  Woychowski is now located, upon proceedings to compel said witness to attend and

25  testify at the trial in the above captioned criminal proceeding before this Court

26  (Department 22 of the Superior Court for the State of California, City and County of San

27  Francisco, located at 850 Bryant Street, San Francisco, California) on July 14, 2017.

28

1    The State of California has adopted Penal Code Section 1330 and has by law made
2    reciprocal provisions for commanding persons who reside out of county and within the
3    State of California to attend and testify in other counties pursuant to said act. California
4    Penal Code sections 1330 *et seq.*

5         Defendant JuanFrancisco LopezSanchez is charged in the above captioned matter
6    with violations of California Penal Code Section(s) 187(a) and 245(b). The allegations
7    arise out of an incident that occurred in San Francisco, California on or about July 1,
8    2015. The witness listed above is the owner of the firearm at issue in this case and his
9    testimony is material and necessary to the defense. The witness John Woychowski
10   resides in Imperial, CA, and was visiting San Francisco at the time of this case. This
11   witness is critical to Mr. LopezSanchez's defense and he must testify in order for Mr.
12   LopezSanchez to have a fair trial.

13        The witness John Woychowski is a resident of Imperial and resides at 683 Dulles
14   Ct W, Imperial, CA 92251. Mr. Woychowski is a material and necessary witness
15   pursuant to California Penal Code section 1330. The witness Mr. Woychowski will be
16   provided with ~~air transportation, lodging in San Francisco, and a per diem payment of~~ *a witness fee of $12.00 for each day's actual attendance and for a*
17   ~~twenty dollars for each day of travel and/or testimony.~~ *reasonable sum to be specified in a separate order for the necessary expenses of the witness. Penal Code section 1329(a).*

18   DATED: June **30**, 2017

21   Hon. Garrett Wong
     Superior Court Judge

Jeff Adachi
Public Defender
City and County of San Francisco
Matt Gonzalez, SBN 153486
Chief Attorney
Deputy Public Defender
555 Seventh Street
San Francisco, CA 94103
Direct:(415) 553-9315
Main:      (415) 553-1671

Attorneys for Juan Francisco Lopez Sanchez

## Superior Court of the State of California
## County of San Francisco

**People of the State of California,**

               Plaintiff,

      vs.

**Juan Francisco Lopez Sanchez,**

         Defendant.

SCN: 224636
Ltd. Juris. No.: 15014736


Date: July 14, 2017
Time: 9:00 AM
Dept: 22

## Memorandum of Points and Authorities in Support of Issuance of Body Attachment for, and Order to Bring, Material Witness to Court Forthwith

TO: The Honorable Judge of the Above-Entitled Court:

This Court's ability to require the appearance of a percipient witness is not limited by the potential witness's place of employment.

John Woychowski, a resident of California, was off-duty at approximately 9:45 pm on June 27, 2015 when he left his fully loaded Sig Sauer P239 inside a backpack in the back seat of his Buick. This weapon was responsible for discharging the bullet that ricocheted off Pier 14 and killed Kathryn Steinle on July 1, 2015. Lopez Sanchez asserts that the forensic evidence supports his defense that the discharge of the firearm was both unintentional and accidental. The condition of the

firearm, history of the firearm, and the manner in which the firearm was stored, are all relevant to the defense in this case.

Mr. Woychowski's employer, the Bureau of Land Management (BLM) seeks to intervene and protest.[1] It says that because of Woychowski's status as a federal employee, he is not bound to honor the subpoena power of this Court—even though Mr. Woychowski was off-duty at the relevant date and time. Citing the administrative requirement known as a "*Touhy* Request," BLM states agency policy is to generally "not allow its employees to testify or to produce Department records either upon request or by subpoena" with no limits of that policy to matters that are related—however tangentially—to the employee's employment.[2]

## 1. *Touhy* does not apply because the citizen witness is material; federal and state due process and compulsory process require his attendance.

John Woychowski was subpoenaed to testify about property he stored in his vehicle while off duty, and to bring documentation that he personally held related to that property. This does not implicate the BLM or the federal government so *Touhy* is not required. The agency's policy as stated to Defendant would prohibit an employee of BLM from responding to a service of divorce papers or a fix-it-ticket; the policy does not apply in those cases and does not apply here.

---

[1] *See* attached 7/13/2017 BLM correspondence, attached as Exhibit A.

[2] The BLM is a defendant in a civil negligence lawsuit pending in the United States District Court, Northern District of California. *See Steinle v. City & Cnty. of San Francisco*, 2017 U.S. Dist. LEXIS 2380, *80 (N.D. Cal. Jan. 6, 2017) (stating that leaving a loaded gun in a backpack visible on the seat of an unattended vehicle in San Francisco "create[s] foreseeable risk of harm.").

The Sixth Amendment of the Unites States constitution guarantees a criminal defendant the right to compulsory process (Art. 1 sec. 7, Cal. Const.); the Fifth and 14th guarantee a defendant the right to due process and to present a defense. (Art. 1 sec. 15, Cal. Const.) The Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense,'" (*Crane v. Kentucky* (1986)476 U.S. 683, 690, quoting *California v. Trombetta* (1984) 467 U.S. 479, 485; see also, *Holmes v. South Carolina* (2006) 547 U.S. 319; *Rock v. Arkansas* (1987) 483 U.S. 44, 61; *Chambers v. Mississippi* (1973) 410 U.S. 284, 302-303; *Washington v. Texas* (1967) 388 U.S. 14, 22.)

The Ninth Circuit reversed a conviction in 2006 where the trial court precluded defendant from calling a Homeland Security agent based on, federal agency policy (6 C.F.R. § 5.45(a)) requiring a litigant to "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought" from Department of Homeland Security witnesses. (*United States v. Bahamonde* (9th Cir. 2006) 445 F.3d 1225, 1231.)  The Ninth Circuit held that Bahamonde's right to due process was violated, stating that prior to excluding a defense witness's testimony, a trial court must balance the countervailing interests in order to ensure that the exclusion complies with a criminal defendant's Sixth Amendment rights. (*Id.*)  Here, exclusion would be devastating as the firearm's condition prior to the theft may be crucial to the defense.

Bureaucratic rules cannot overcome the Fifth and Sixth Amendment guarantees of fundamental fairness. To allow a citizen witness to claim the protection of dual sovereignty based on off-duty conduct, where the either do not implicate, or merely tangentially implicates, their employment, is mis-use of the doctrine, and violates Lopez-Sanchez's due

process and compulsory process rights. The cases that support *Touhy* all involve federal documents, or federal investigations, or otherwise arises out of their job related duties.

Let's examine the case that gives the *Touhy* request its name. It concerned an inmate's attempt to get materials from an FBI agent in an attempt to prove his conviction was the result of fraud. (*United States ex rel. Touhy v. Ragen* (1951) 340 U.S. 462, 463.) The subpoenaed FBI agent refused, under instructions by the Attorney General. (*Id.*) The documents were official government documents and it was within the purview of the Attorney General to restrict the distribution. (*Id.* at 467.)

However, the *Touhy* decision was careful tailored to prevent a federal authority from forbidding "every subordinate who is capable of being served by process from producing relevant documents and later contest a requirement upon him to produce on the ground that procedurally he cannot be reached." *Id.* at 474 (Frankfurt, J. concurring). Indeed, wo years after writing *Touhy*, the Supreme Court clarified that judicial "control over the evidence in a case cannot be abdicated to the caprice of executive officers." (*United States v. Reynolds* (1953) 345 U.S. 1, 9-10.)

The *Touhy* rule does apply in certain narrowly tailored circumstances. For example, a state court was without power to hold a federal expert witness in contempt of court for failure to testify about specialized knowledge the witness obtained through the course of employment. (*Swett v. Schenk* (9th Cir. 1986) 792 F.2d 1447, 1449.) In *Swett*, the court held that an National Transportation Safety Board (NTSB) investigator could, when called to testify in a civil matter brought by an accident victim's family against the pilot and plane manufacturer, validly withhold the opinion formed in the course of his investigation for the NTSB, as required by the agency's regulation. (*Id.*)

The *Touhy* rule also applies to court appearances that arise out of the witness's *official* employment. For example, the Ninth Circuit upheld the United States Department of Agriculture's regulation of when employees could appear "as witnesses in order to testify or produce official documents in judicial or administrative proceedings when such appearance is in their official capacity or arises out of or is related to their employment with USDA." (*Elko County Grand Jury v. Siminoe (In re Elko County Grand Jury)* (9th Cir. 1997) 109 F.3d 554, 556.)

Conversely, the *Touhy* doctrine does not apply here. John Woychowski was not subpoenaed to testify in his official capacity, nor as an expert witness, nor to testify about federal secrets, nor matters of national security. He was subpoenaed to testify about his conduct as a citizen and resident of California while off-duty, provide lay information about the condition of his Sig Sauer P239 when he last stored it. His status as a federal employee is not at issue, and tangentially related to the case. Moreover, unlike the limited and finely tailored regulation the USDA issued, which was upheld in *Elko*, the BLM regulation is a blanket prohibition against their employees testifying. This policy of BLM is exactly the type of capricious act the Supreme Court warned against in *Reynolds*, and is far beyond the limited scope of *Touhy*.

## 2. BLM's own regulations exempt state criminal cases.

BLM's own regulations concerning *Touhy* letters excepts state criminal cases. The Bureau of Land Management is an agency within the U.S. Department of the Interior. The U.S. Department of the Interior's *Touhy* regulations are located at 43 CFR §§ 2.280 et seq. (Subpart L -- legal process: testimony by employees and production of records).

The section starts out explaining it covers subpoenas by state courts: "(a) This subpart describes how the Department of the Interior . . . responds to requests or subpoenas for . . . Testimony by employees in State . . . proceedings concerning information acquired while performing official duties or because of an employee's official status." It continues, and specifically exempts *state criminal trials* from the *Touhy* requirements: "this subpart does not apply to . . . Federal, State, and Tribal criminal court proceedings." (43 CFR §§ 2.280(b)(4)).

This regulation is coherent policy, and recognizes that the federal government should not categorically restrict employees from testifying in a matter that is unrelated, or tangentially related, to their employment— on the mere basis of their status as a *federal employee.*

It is legal cannon that an agency has an obligation to follow its own rules. *United States v. Caceres* (1979) 440 U.S. 741, 749 ("A court's duty to enforce an agency regulation is most evident when compliance with the regulation is mandated by the Constitution or federal law.")[3] For example, in *Exxon Shipping Co. v. United States,* federal agencies refused to attend a deposition, citing *Touhy* and rule 5 U.S.C. § 301 (internal regulations prohibiting an employee's deposition unless an agency head authorizes it.) *Exxon Shipping Co. v. United States Dep't of Interior* (9th Cir. 1994) 34 F.3d 774.) The Ninth Circuit did not bite, finding that *Touhy* does not support as broad a reading. *Id.* It noted that the *Touhy* Court "refused to reach the question of the agency head's power to withhold evidence from a court without a specific claim of privilege." (*Id.,* at 776)

---

[3] In addition to regulations relating to subpoenas, the BLM has promulgated internal rules and regulations relating to the storage of firearms. Namely, BLM Handbook 1111-2, section 17.6 states "all firearms, when not in active use, shall be stored in a secure place, out of sight, under lock and key. Firearms will be unloaded prior to storage."

Here, as in *Exxon*, no privilege is claimed and no reason given to withhold this needed evidence. It follows that this court should let justice be sacrificed to bureaucratic rules which only delay the proceedings without underlying reason. Moreover, it is the witness's status of a victim of a car theft and the maintenance and care of his weapon that makes him a witness and is irrelevant to his federal employment. His federal job status, records and the BLM's rules, internal information, data are not in play. All of which is supported in section 1 above.

## Conclusion

Woychowski is a material witness essential to Lopez Sanchez's defense; he can provide evidence about the condition of the gun prior to its theft, its trigger pull, and its history. Woychowski is only person who can speak to exact location of gun, and is the last known witness to possess the weapon prior to its appearance on the pier. He would know whether the magazine was in gun, whether it was fully loaded, whether it was in single action mode, and whether and how it was modified. Moreover, since he was off-duty at the time he stored the weapon, he was not acting in his official capacity as a BLM officer. Lopez Sanchez, conversely, faces murder charges. His life and liberty are at stake.

Failure to order Woychowski to comply with the subpoena would deprive Lopez Sanchez of his right to confrontation to present evidence. This court should order a body attachment as any other action violates Lopez-Sanchez's right to compulsory and due process.

Dated July 14, 2017         Respectfully submitted,

Francisco Ugarte
Deputy Public Defender
Attorney for Juan Francisco Lopez Sanchez

1

2

**In The Superior Court of the State of California
In and For The County of San Francisco**

3  | People of the State of California,

4  |                    Plaintiff,

5  |        vs.

6  | Juan Francisco Lopez Sanchez,

7  |                    Defendant.

SCN: 224636
Ltd. Juris. No.: 15014736

Date:  July 14, 2017
Time:  9:00 AM
Dept:  22

8

9

10                              **Body Attachment**

11          Upon the attached declaration in the served and returned subpoena by Matt Gonzalez,

12  attorney for Defendant, that the below witness was properly served, is material,

13  necessary, and relevant to these proceedings;

14          • that said subpoenaed witness failed to appear pursuant to duly served subpoena

15  in Department 22 at 9:00 a.m.;

16          The sheriff and police are ordered to arrest **John Woychowski** anytime day or

17  night and bring him immediately pursuant to Penal Code §§881, 980, 1196; and CCP

18  §1993 to this court to show cause before the court why he did not obey the valid court

19  order via the served subpoena or be held in contempt pursuant to the inherent power of

20  the court until the order to testify is completed (CCP 1219(a)) and CCP §§1209(9);1991.

21

22          Dated: July 14, 2017

23

24                                    _____
                                      Judge of the Superior Court

25

26

27

28

                                    - 1 -

Motion for Body Attachment
People v. Lopez Sanchez / 15014736

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Proof of Service

I say:

I am over eighteen years of age and not a party to the above action. My business address is 555 Seventh Street, San Francisco, California 94l03.

I personally hand-served in court copies of the attached on the following:
      San Francisco District Attorney

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/14/17 in San Francisco, California.

_panelle T