UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSE INEZ GARCIA-ZARATE,<br><br>        Defendant. | Case No. 17-cr-00609-VC-1<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY**<br><br>Re: Dkt. No. 8 |

      Jose Garcia-Zarate has filed a motion to compel the government to produce internal documents relating to its decision to file federal charges against him. Garcia-Zarate seeks these documents in pursuit of two theories: (i) that the federal prosecution is "vindictive," and a violation of due process, in the sense that the federal government brought the charges to punish Garcia-Zarate for exercising a constitutional or procedural right in his state court case; and (ii) that the federal government controlled the prosecution by the San Francisco District Attorney's Office, such that it would be a double jeopardy violation to charge him in federal court with the same crime (being a felon in possession of a firearm) for which he was convicted in state court.

      With respect to the first theory, there is no basis for suspecting that the federal prosecution is "vindictive" in the narrow sense required to prevail on a claim of vindictive prosecution. Regardless of whether political factors affected the United States Attorney's decision to bring federal charges (a matter on which the Court expresses no opinion), there is no indication that the charging decision was motivated by a desire to punish Garcia-Zarate specifically for exercising any constitutional or procedural right in the state court case, as would be necessary to pursue a vindictive prosecution claim. Nor does the federal government's

apparent dissatisfaction with the result of the state court proceeding, on its own, support a claim for vindictive prosecution. *See generally United States v. Kent*, 649 F.3d 906, 912-13 (9th Cir. 2011); *United States v. Robison*, 644 F.2d 1270, 1272-73 (9th Cir. 1981); *United States v. Burt*, 619 F.2d 831, 836-38 (9th Cir. 1980).

The second theory is even weaker. There is no basis for suspecting that the federal government controlled the District Attorney's efforts during the state prosecution, and thus no basis for a double jeopardy claim under current law. *See generally United States v. Lucas*, 841 F.3d 796, 802-07 (9th Cir. 2016); *United States v. Zone*, 403 F.3d 1101, 1104-07 (9th Cir. 2005) (per curiam); *United States v. Koon*, 34 F.3d 1416, 1438-39 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996); *United States v. Figueroa-Soto*, 938 F.2d 1015, 1018-20 (9th Cir. 1991).

Accordingly, the motion to compel discovery is denied. Because this is not a close question, the Court declines Garcia-Zarate's suggestion to review the government's internal documents in chambers.

**IT IS SO ORDERED.**

Dated: May 10, 2018

VINCE CHHABRIA
United States District Judge