| DAVID L. ANDERSON (CABN 149604) | J. TONY SERRA SBN 32639 |
| United States Attorney | MARIA BELYI SBN 270019 |
| HALLIE HOFFMAN (CABN 210020) | 3330 GEARY BLVD., THIRD FLOOR EAST |
| Chief, Criminal Division | SAN FRANCISCO, CA 94118 |
| | TELEPHONE: (415) 986-5591 |
| KEVIN J. BARRY (CABN 229748) | FACSIMILE: (415) 421-1331 |
| ERIC CHENG (CABN 274118) | |
| Assistant United States Attorney | Attorneys for Defendant |
| | JOSE INEZ GARCIA-ZARATE |

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Kevin.Barry@usdoj.gov
Eric.Cheng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 17-609 VC |
| Plaintiff, | ) |
| | ) **PARTIES' JOINT PRETRIAL CONFERENCE** |
| v. | ) **STATEMENT** |
| | ) |
| JOSE INEZ GARCIA-ZARATE, | ) Pretrial Conf.: January 8, 2020 |
| | ) Time: 10:00 a.m. |
| Defendant. | ) |
| | ) Trial Date: January 15, 2020 |
| | ) |
| | ) Judge: Hon. Vince Chhabria |

JOINT PRETRIAL STATEMENT
CR 17-609 VC

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................2

BACKGROUND ..................................................................................................................................2

MATTERS SET FORTH IN CRIMINAL LOCAL RULE 17.1-1..................................................2

I. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2..........................................................................2

II. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial ...............................................................................................................................3

III. Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment .............................................................................................................................3

IV. Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses ............................................................................................3

V. Appointment by the Court of interpreters under Fed. R. Crim. P. 28..............................4

VI. Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations..........................................................................................................4

VII. Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant ..............................................................................................................................................4

VIII. Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc. ..................................................4

IX. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal ................5

X. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal ...................................................................................................................5

XI. Pretrial resolution of objections to exhibits or testimony to be offered at trial ...............5

XII. Preparation of trial briefs on controverted points of law likely to arise at trial ..............6

XIII. Scheduling of the trial and of witnesses .................................................................................6

XIV. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions ..........6

XV. Any other matter which may tend to promote a fair and expeditious trial ....................6

# INTRODUCTION

Pursuant to Local Criminal Rule 17.1-1(b) and the Court's Standing Order for Criminal Cases, the parties to the above-captioned matter hereby submit this joint Pretrial Conference Statement.

# BACKGROUND

The superseding indictment charges the defendant, Jose Inez Garcia-Zarate, with two crimes. Count One alleges that, on or about July 1, 2015, in the Northern District of California, the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, namely, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition, and the firearm and ammunition were in and affecting commerce, all in violation of Title 18, United States Code, Section 922(g)(1). Count Two alleges that, on or about July 1, 2015, in the Northern District of California, the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a firearm and ammunition, namely, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition, and the firearm and ammunition were in and affecting commerce, all in violation of Title 18, United States Code, Section 922(g)(5).

The defendant's trial is scheduled to begin on January 15, 2020.

# MATTERS SET FORTH IN CRIMINAL LOCAL RULE 17.1-1

**I.     Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

<u>Government's statement</u>: The government has complied, and will continue to comply, with its discovery obligations under the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. On January 8, 2018, the government disclosed a report for proposed expert Gerald Andrew "Andy" Smith, Criminalist, Firearm and Toolmark Unit, Criminalistics Laboratory, San Francisco Police Department (JGZ-001783 – 1795). On December 5, 2019, the government disclosed a report for proposed expert Albert LaRochelle, Senior Gunsmith/Quality, Sig Sauer Inc. (JGZ-007333 – 7336). On

December 26, 2019, the government disclosed summaries of potential opinions for Messrs. Smith and LaRochelle.

Defendant's statement: Mr. Garcia-Zarate has complied, and will continue to comply with all of his discovery obligations. After the disclosure by the government of its expert witnesses, Mr. Garcia-Zarate disclosed the names and CVs of proposed experts James Norris and Paul Endo. Mr. Garcia-Zarate stated that the both experts had testified in the state case of <u>People v. Garcia-Zarate</u> (San Francisco; case number: 15014736) and that their testimony is anticipated to be consistent with that testimony.

**II.  Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

Government's statement: The government does not currently intend to call at trial any witness who testified before the grand jury in this matter. Should the government decide to call at trial any witness who testified before the grand jury, it will produce grand jury testimony transcripts for that witness.

**III.  Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

Government's statement: The government believes that it has disclosed all *Brady* material within its possession, custody, or control, and recognizes its ongoing obligation to do so. The government also understands its continuing duty to comply with Rule 16 and will do so.

The government has requested reciprocal discovery from the defendant pursuant to Federal Rules of Criminal Procedure 16, 12.1, and 26.2. The government has not received any discovery of any kind for any witness the defense intends to call.

**IV.  Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The parties have entered stipulations regarding (1) one of the elements of Count One, that at the time the defendant allegedly possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by more than one year in prison, and the defendant knew that he had been convicted of a crime punishable by more than one year in prison; (2) one of the elements of Count Two, that at the time the defendant allegedly possessed the firearm and ammunition, the defendant was an alien who was

1 unlawfully and illegally in the United States, and the defendant knew that he was an alien who was
2 unlawfully and illegally in the United States; and (3) one of the elements of both Counts One and Two,
3 that the firearm and ammunition at issue were in and affecting commerce. *See* Dkt. No. 50.

The parties are discussing additional potential stipulations regarding authentication of proposed exhibits to be admitted at the trial.

**V.      Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

The defendant will need a Spanish-language interpreter to interpret the proceedings for him. To preserve the record in this matter, and specifically to ensure that the parties are able to challenge inaccuracies, if any, in the interpretation of testimony, the parties respectfully request that any testimony given in a foreign language be audio-recorded as well as transcribed.

Government's statement: As previously noticed, the government expects to call one witness who needs a Cantonese-language interpreter. The government has made arrangements accordingly.

Defendant's statement: Aside from the defendant's requirement for an interpreter mentioned above, Mr. Garcia-Zarate does not intend to call any witness who would need a foreign-language interpreter.

**VI.     Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

Government's statement: The government does not plan to dismiss any of the counts in the Superseding Indictment. At the beginning of the case, the government requested notice of any intention of the defendant to rely on an alibi or entrapment defense, or a defense involving mental condition or duress, but has received no such notice from the defense. Accordingly, any such defenses have been eliminated from the case.

**VII.    Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

There are no joinder or severance issues in this case.

**VIII.   Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

Government's statement: The government expects that certain of its witnesses will identify the defendant as the individual leaving the scene of the July 1, 2015 shooting. Other than as set forth in the

JOINT PRETRIAL STATEMENT
CR 17-609 VC                                                    4

1 | parties' aforementioned stipulations, the government does not intend to introduce evidence of the prior
2 | convictions of the defendant at trial except for impeachment purposes if the defendant testifies.

**IX. Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

In accordance with the Court's Standing Order for Criminal Cases, the parties will file their witness lists on or before January 2, 2020. The parties reserve their right to amend their witness lists at any time prior to and during the trial, if necessary.

**X. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

In accordance with the Court's Standing Order for Criminal Cases, the parties will file their exhibit lists on or before January 2, 2020. The parties reserve their right to amend their exhibit lists at any time prior to and during the trial, if necessary.

Government's statement: The government has provided or will provide to the defendant in discovery copies of any documentary or audio/visual exhibits, and the government will advise the defense of the corresponding Bates numbers in its exhibit list. The government has made available, and will continue to make available, any non-documentary, non-audio/visual evidence, such as physical exhibits.

The exhibit list will include audio and video recordings, as well as transcripts of the video and audio. The recordings themselves will be offered as evidence. The transcripts will not be offered into evidence, but will be marked as exhibits and shown to the jury as an aid while the relevant recording is being played subject to the relevant instructions regarding the use of transcripts.

**XI. Pretrial resolution of objections to exhibits or testimony to be offered at trial**

Government's statement: The government is filing concurrently with this Pretrial Conference Statement several motions *in limine* addressing the pretrial resolution of potential objections to evidence or testimony at trial.

Defendant's statement: The defense is filing its *in limine* motions concurrently with this pretrial conference statement.

**XII. Preparation of trial briefs on controverted points of law likely to arise at trial**

The parties are not currently aware of any controverted points of law.

**XIII. Scheduling of the trial and of witnesses**

Jury selection is scheduled for Monday, January 13, 2020 at 8:00 a.m.

<u>Government's statement</u>: The government estimates that its case will last two to three days (excluding the time for jury selection).

<u>Defendant's statement</u>: The defense estimates that its case will last one to two days.

**XIV. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

The parties have submitted proposed questions to the Court's standard written jury questionnaire, as heard by the Court at the December 18, 2019 hearing. The parties will jointly submit proposed jury instructions in accordance with the Court's Standing Order for Criminal Cases on or before January 2, 2020.

**XV. Any other matter which may tend to promote a fair and expeditious trial**

None at this time.

DATED: December 26, 2019

DAVID L. ANDERSON
United States Attorney

/s/
KEVIN J. BARRY
ERIC CHENG
Assistant United States Attorneys

DATED: December 26, 2019

/s/
J. TONY SERRA
MARIA BELYI
Attorneys for Defendant JOSE INEZ GARCIA-ZARATE