1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   KEVIN J. BARRY (CABN 229748)
    ERIC CHENG (CABN 274118)
5   Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
7        Telephone: (415) 436-6557
         FAX: (415) 436-7234
8        Kevin.Barry@usdoj.gov
         Eric.Cheng@usdoj.gov
9
    Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,            )  Case No. CR 17-609 VC
                                         )
15            Plaintiff,                 )  **UNITED STATES' MOTIONS *IN LIMINE***
                                         )  **NOS. 2–7**
16       v.                              )
                                         )  Trial Date:    January 15, 2020
17  JOSE INEZ GARCIA-ZARATE,             )
                                         )  Pretrial Conf.: January 8, 2020
18            Defendant.                 )  Time:          10:00 a.m.
                                         )
19  _____ )  Judge:         Hon. Vince Chhabria

20

21

22

23

24

25

26

27

28

U.S. MOTS. IN LIMINE NOS. 2–7
CR 17-609 VC

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

MOTIONS IN LIMINE ........................................................................................................1

I.      Background ................................................................................................................1

II.     Motion *In Limine* No. 2: Admit Relevant, Inextricably Intertwined, and "Other Acts" Evidence for the Government's Case in Chief ..................................................................1

III.    Motion *In Limine* No. 3: Prohibit the Defendant from Introducing His Own Statements ...........................................................................................................................4

IV.     Motion *In Limine* No. 4: Prohibit Innocent, Transitory, or Fleeting Possession Arguments and Evidence ....................................................................................................6

V.      Motion *In Limine* No. 5: Prohibit Jury Nullification Arguments ..................................7

        A.      Evidence or Argument Regarding Punishment and Consequences of Conviction Should Be Excluded ..................................................................8

        B.      Evidence or Argument Regarding State Court Proceedings and the Government's Charging Decisions Should Be Excluded ...............................9

        C.      Evidence or Argument Regarding Any References to Defendant in News Media or Politics Should Be Excluded ........................................................10

        D.      Evidence or Argument Regarding Prior Ownership of the Firearm and Ammunition Should Be Excluded ...............................................................11

VI.     Motion *In Limine* No. 6: Prohibit References to Alleged Facts That Defendant Does Not Reasonably Anticipate Will Be Supported By Evidence at Trial .......................................11

VII.    Motion *In Limine* No. 7: Allow Impeachment of Defendant If He Testifies ................12

CONCLUSION...................................................................................................................14

# **TABLE OF AUTHORITIES**

### **CASES**

*Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) .......................................... 7, 8

*Shannon v. United States*, 512 U.S. 573, 579 (1994) ..................................................... 8

*Sparf v. United States*, 156 U.S. 51, 102 (1895) ........................................................... 8

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ........................... 2

*United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995) ................................. 13

*United States v. Arellano-Rivera*, 244 F.3d 1119, 1126 (9th Cir. 2001) ....................... 7

*United States v. Barnes*, 895 F.3d 1194, 1205 (9th Cir. 2018) ...................................... 6

*United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002) .............................. 2, 3

*United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004) ............................... 1, 2, 3

*United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) ....................................... 13

*United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999) .................................. 2, 4

*United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) ......................................... 5

*United States v. Collins*, 109 F.3d 1413, 1421 (9th Cir. 1997) ...................................... 8

*United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc),
    *overruled on other grounds in Luce v. United States*, 469 U.S. 38
    (1984) ..................................................................................................................... 13, 14

*United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc) .......................... 2

*United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) .................................... 5

*United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ........................................... 8

*United States v. Jackson*, 721 F. App'x 631, 633 (9th Cir.), *cert. denied*,
    139 S. Ct. 169 (2018) ................................................................................................ 10

*United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000) .................................. 13

*United States v. Johnson*, 459 F.3d 990 (9th Cir. 2006) ................................................ 6

*United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992) ........................................... 2

*United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017) .................................. 7

*United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) ............................................ 7

*United States v. Mercado*, 412 F.3d 243, 251 (1st Cir. 2005) ....................................... 6

*United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007), *cert. denied*,
    128 S. Ct. 2902 (2008) .............................................................................. 5

*United States v. Nakai*, 413 F.3d 1019, 1022 (9th Cir. 2005) .......................... 5

*United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir. 1998) ....................... 14

*United States v. Nolan*, 700 F.2d 479, 484 (9th Cir. 1983) ............................. 6

*United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ........................... 5

*United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004) ......... 2

*United States v. Sherpa*, 97 F.3d 1239, 1244-45 (9th Cir. 1996) .................... 8

*United States v. Sine*, 493 F.3d 1021, 1037 n.17 (9th Cir. 2007) .................... 5

*United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) .......................... 2

*United States v. Teemer*, 394 F.3d 59, 63 (1st Cir. 2005) ............................... 6

*United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) ......................... 5

*United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) ........ 7

*Windham v. Merkle*, 163 F.3d 1092, 1103–04 (9th Cir. 1998) ........................ 2

## OTHER AUTHORITIES

*Black's Law Dictionary* 1026 (11th ed. 2019) ................................................. 7

Ninth Circuit Model Criminal Jury Instructions, 3.1 (2019) ............................ 8

Ninth Circuit Model Criminal Jury Instructions, 4.6 (2019) .......................... 14

Ninth Circuit Model Criminal Jury Instructions, 7.4 (2019) ............................ 9

## RULES

Fed. R. Evid. 401(a), (b) ............................................................................ 1, 11

Fed. R. Evid. 401, 402, 403 ....................................................................... 7, 10

Fed. R. Evid. 404(b)(2) .................................................................................. 2

Fed. R. Evid. 609 .......................................................................................... 13

Fed. R. Evid. 801(d)(2)(A) ............................................................................. 4

**INTRODUCTION**

The United States (the "government") submits the following motions *in limine* for the Court's consideration.  The government respectfully requests the opportunity to supplement these motions *in limine* if additional legal issues arise requiring the Court's intervention.

**MOTIONS IN LIMINE**

**I.   Background**

The Superseding Indictment charges the defendant, Jose Inez Garcia-Zarate, with two crimes. Count One alleges that, on or about July 1, 2015, in the Northern District of California, the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, namely, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition, and that the firearm and ammunition were in and affecting commerce, all in violation of Title 18, United States Code, Section 922(g)(1).  Count Two alleges that, on or about July 1, 2015, in the Northern District of California, the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a firearm and ammunition, namely, one (1) .40 caliber Sig Sauer P239 semi-automatic pistol, serial number SA4 144 075, and multiple rounds of Winchester ranger 165 grain .40 caliber ammunition, and that the firearm and ammunition were in and affecting commerce, all in violation of Title 18, United States Code, Section 922(g)(5).

The defendant's trial is scheduled to begin on January 15, 2020.

**II.   Motion *In Limine* No. 2: Admit Relevant, Inextricably Intertwined, and "Other Acts" Evidence for the Government's Case in Chief**

The government moves this Court for an *in limine* order admitting relevant, inextricably intertwined, and "other acts" evidence regarding the presence, location, and shooting of Ms. Kate Steinle on July 1, 2015.

Evidence is relevant so long as it has any tendency to make a fact of consequence to the case more or less probable.  Fed. R. Evid. 401(a), (b).  The evidence does not need to prove an ultimate issue. *United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004).  It does not need to prove an element of a charged offense, but merely has to make a fact that matters to the case's outcome more or less probable

than it would have been without the evidence.  *See id.*  When making relevance determinations, courts should be mindful of the proponent's theory of the case.  *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008); *Windham v. Merkle*, 163 F.3d 1092, 1103–04 (9th Cir. 1998).

Evidence of "other acts," meanwhile, is generally governed by Rule 404(b).  However, other acts evidence "is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense."  *United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002) (internal citation omitted); *see also United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).  This kind of inextricable link can occur in one of two ways: (1) when "particular acts of the defendant are part of . . . a single criminal transaction," or when (2) "the 'other act' evidence . . . is necessary [] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  *Beckman*, 298 F.3d at 794 (citation omitted).

Evidence of a crime, wrong, or other act that is not inextricably intertwined with the charged conduct may still be admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b)(2).  It is well established that Rule 404(b) "is a rule of inclusion—not exclusion."  *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc).  "Once it has been established that the evidence offered serves one of [the purposes authorized by Rule 404(b)(2)], . . . the only conditions justifying the exclusion of the evidence are those described in Rule 403 . . . ."  *Id.* (internal quotation marks omitted).  Thus, "[u]nless the evidence of other acts *only* tends to prove propensity, it is admissible."  *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999) (emphasis added); *United States v. Jones*, 982 F.2d 380, 382 (9th Cir. 1992) (holding that prior acts are admissible "so long as the acts tended to make the existence of [the defendant's] knowledge or intent more probable than it would be without the evidence").  Other acts evidence is admissible under Rule 404(b) if it: (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged."  *Beckman*, 298 F.3d at 794 (citations omitted); *accord United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004) (citations omitted).

1       Here, the government's presentation of the facts relating to the charged conduct requires the

2  admission of evidence concerning the shooting of Ms. Steinle on July 1, 2015.  This evidence is relevant

3  to the possession of the firearm and ammunition because the government's theory of the case is that the

4  defendant possessed the firearm and ammunition by bringing the gun to the pier in his pants, pulling the

5  trigger of the gun and shooting one of the rounds of ammunition, and then immediately throwing the gun

6  in the water before leaving the scene.  The gunshot is the reason that multiple witnesses drew their

7  attention to the scene of the shooting, immediately identified the defendant as the suspect, and described

8  him to authorities investigating the shooting.  In addition, the shooting, along with the presence and

9  location of Ms. Steinle, is particularly relevant to possession of the firearm and ammunition because it

10  provides context for the defendant's actions after the shooting as seen by eyewitnesses and as captured

11  on surveillance video—immediately after the shot rings out and Ms. Steinle falls, the defendant stands

12  up, tosses the firearm into the water with a splash, and walks away from the scene.  The firearm and

13  ammunition at issue in this case possessed by the defendant were located in the water based on the

14  observed splash.  Accordingly, this evidence makes facts of consequence to the case more probable—

15  that the defendant possessed the firearm and ammunition.  *See Boulware*, 384 F.3d at 805.

16       Second, the shooting of Ms. Steinle is inextricably intertwined with the defendant's possession

17  of a firearm and ammunition on July 1, 2015.  The shooting of Ms. Steinle is the result of the

18  defendant's possession and firing of the firearm, and it led to witnesses and investigators identifying the

19  defendant as he left the scene.  Accordingly, as described above, these acts are not only part of "a single

20  criminal transaction," but they are necessary "to offer a coherent and comprehensible story regarding the

21  commission of the crime"—the defendant's possession of a firearm and ammunition that resulted in the

22  shooting of Ms. Steinle as described by witnesses and shown in surveillance video.  *Beckman*, 298 F.3d

23  at 794.  The absence of this evidence would cause confusion for the jury because the government would

24  be unable provide a comprehensive story regarding the defendant's commission of the charged offense

25  and how the evidence of his possession of the firearm and ammunition was discovered.

26       Alternatively, even if this evidence is not relevant or inextricably intertwined with the charged

27  conduct—which it is for the reasons set forth above—it is further probative of knowledge, identity, and

28  absence of mistake under Rule 404(b).  Fed. R. Evid. 404(b)(2).  Admission of this evidence will not

1   cause undue prejudice to the defendant, nor will it suggest to the jury that he has a propensity for

2   possessing a firearm and ammunition as charged.  *Castillo*, 181 F.3d at 1134.  The presence, location,

3   and shooting of Ms. Steinle is probative to the identity of the defendant because it is the reason that

4   multiple witnesses drew their attention to the scene of the shooting, immediately identified the defendant

5   as the suspect, and described him to authorities investigating the shooting.  It also is probative to the

6   defendant's knowledge and absence of mistake of his possession of the firearm, as well as his potential

7   motivation for disposing of the gun and fleeing the scene, because the firearm had to be possessed by the

8   defendant to pull the trigger and fire the weapon.

9         For these reasons, the Court should rule that evidence concerning the presence, location, and

10  shooting of Ms. Steinle during the charged conduct is admissible.  At the same time, however, the

11  government does not seek to admit any evidence that the defendant specifically *intended* to shoot Ms.

12  Steinle while he possessed the firearm and ammunition.

13  **III.     Motion *In Limine* No. 3: Prohibit the Defendant from Introducing His Own Statements**

14        The government moves this Court for an *in limine* order admitting portions of the defendant's

15  statements as offered by the government, but prohibiting the defense from using or relying on non-

16  admitted portions of his own statements at trial.

17        In its case in chief, the government intends to admit voluntary statements made by the defendant

18  to law enforcement following his arrest, as well as other voluntary statements made by the defendant in

19  a civilian interview.[1]  Prior statements made by a defendant are non-hearsay and are admissible as

20  admissions by a party opponent only if offered against a defendant by the government under the Federal

21  Rules of Evidence.  Fed. R. Evid. 801(d)(2)(A).  Accordingly, the government seeks to admit portions of

22  these statements at trial during its case in chief.

23        The government also requests that the defendant be prohibited from offering other portions of his

24  prior statements at trial.  *See* Fed. R. Evid. 801(d)(2)(A).  A defendant may not use his own prior

25  statements even where the government introduces incriminating portions of them.  *See, e.g.*, *United*

26

27  _____

[1] The defendant moved to suppress his July 2, 2015 statements to police on Fourth Amendment grounds
28  based on his warrantless arrest (Dkt. No. 40), and on Fifth Amendment grounds based on *Miranda*.  Dkt.
    No. 41.  The Court denied both motions.  Dkt. Nos. 56, 57.  The defendant did not move to suppress any
    other statements, such as his voluntary interview with KGO / ABC 7 on July 5, 2015.

1    *States v. Nakai*, 413 F.3d 1019, 1022 (9th Cir. 2005) (holding defendant's exculpatory statements that

2    defense sought to introduce to be inadmissible hearsay, after government introduced defendant's

3    inculpatory statements); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (non-self-

4    inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are

5    inadmissible hearsay; rule of completeness does not allow for admission of inadmissible hearsay);

6    *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly sustained

7    government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statements

8    during cross-examination of FBI agent); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007),

9    *cert. denied*, 128 S. Ct. 2902 (2008) (exculpatory statements by defendant were inadmissible hearsay

10   even when made in a broader self-inculpatory confession).

11        Here, where the government intends to offer portions of the defendant's prior statements, the

12   defendant cannot then offer his own out-of-court statements at trial, such as through non-admitted

13   portions of those statements.  Any attempt by him to place his recorded statements "before the jury

14   without subjecting [himself] to cross-examination [is] precisely what the hearsay rule forbids."

15   *Fernandez*, 839 F.2d at 640.

16        The defendant may attempt to rely on Federal Rule of Evidence 106 (the "rule of completeness")

17   to introduce portions of his statements that are not offered by the United States.  But Rule 106 is not a

18   rule of admissibility.  Rather, it addresses the order of proof.  "Rule 106 does not render admissible

19   otherwise inadmissible hearsay."  *Mitchell*, 502 F.3d at 965 n.9; *see also United States v. Vallejos*, 742

20   F.3d 902, 905 (9th Cir. 2014) ("The Rule does not, however, require the introduction of *any* unedited

21   writing or statement merely because an adverse party has introduced an edited version.") (emphasis in

22   original).  It simply allows an adverse party to require that other admissible evidence be introduced at

23   the same time.  *See United States v. Sine*, 493 F.3d 1021, 1037 n.17 (9th Cir. 2007) (rule of

24   completeness "does not allow the admission of otherwise inadmissible statements"); *United States v.*

25   *Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (Rule 106 "does not compel admission of otherwise

26   inadmissible hearsay evidence").

27        Accordingly, while the United States may introduce portions of the defendant's statements as

28   admissions of a party opponent under Rule 801(d)(2)(A), the defendant may not introduce other portions

1  of his own statements at trial unless he does so through his direct testimony.  The government therefore

2  requests a ruling admitting the portions of the defendant's statements offered by the government, and

3  prohibiting the defendant from using or relying upon any of his prior statements at trial that are not

4  admitted by the government.

5
6  **IV.    Motion *In Limine* No. 4: Prohibit Innocent, Transitory, or Fleeting Possession Arguments and Evidence**

7          The government moves this Court for an *in limine* order prohibiting evidence and arguments by

8  defendant that he "innocently" possessed the firearm and ammunition at issue, such as in a transitory or

9  fleeting fashion.

10         The Ninth Circuit makes clear that there is no "innocent possession" defense when it comes to

11  Section 922(g) cases.  *United States v. Johnson*, 459 F.3d 990 (9th Cir. 2006); *see also United States v.*

12  *Barnes*, 895 F.3d 1194, 1205 & n.5 (9th Cir. 2018) ("[W]e do not recognize an 'innocent possession'

13  defense to felon-in-possession charges.").  Indeed, "[t]he statute is precautionary; society deems the risk

14  posed by felon-firearm possession too great even to entertain the possibility that some felons may

15  innocently and temporarily possess such a weapon" and accordingly, "the imposition of an innocent

16  possession defense would thwart congressional purpose." *Johnson*, 459 F.3d at 998.  The Ninth Circuit

17  recognized that in many cases, only the defendant "truly knows the nature and extent of his gun

18  possession" and that it would "not require the government to contest motive in every § 922 case where

19  the facts will bear an uncorroborated assertion by the defendant that he innocently came upon a

20  firearm." *Id.* at 997.

21         Thus, it is mere *possession*—not retention—of a firearm or ammunition that is illegal, and

22  therefore "the courts have ruled that federal firearm laws impose something approaching ***absolute***

23  ***liability***." *Id.* at 998 (emphasis added) (quoting *United States v. Nolan*, 700 F.2d 479, 484 (9th Cir.

24  1983)).  Indeed, courts cited with approval by the Ninth Circuit have rejected "innocent 'fleeting' or

25  'transitory' possession" defenses and stated that "[e]ven if the evidence established only that [defendant]

26  held the firearm for a few seconds, he could properly be convicted of possession within the meaning of

27  § 922(g)." *See Johnson*, 459 F.3d at 996 (citing *United States v. Teemer*, 394 F.3d 59, 63 (1st Cir.

28  2005)) & 998 (citing *United States v. Mercado*, 412 F.3d 243, 251 (1st Cir. 2005)).

1    A district court may also preclude a defendant from presenting evidence or argument supporting

2    an affirmative defense if the defendant fails to make a prima facie showing of entitlement to the defense

3    in a pretrial offer of proof.  *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008)

4    (duress defense ruled inadmissible prior to trial); *United States v. Arellano-Rivera*, 244 F.3d 1119, 1126

5    (9th Cir. 2001) (necessity); *United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (public authority

6    and entrapment by estoppel).  If a proposed defense is legally deficient even under the defendant's

7    version of the facts, evidence of the defense is simply "not relevant."  *Vasquez-Landaver*, 527 F.3d at

8    802.  At the beginning of this case, the government requested that the defense provide notice of any

9    proposed defenses, but the defendant has not done so.  In the absence of a pretrial proffer, the defense

10   could argue potential defenses that were never noticed and are not reasonably anticipated to be

11   supported by the evidence, which would not only be improper, but would also mislead and confuse the

12   jury and waste valuable trial resources.

13       In particular, the defendant in this case may attempt to introduce evidence or argue that his

14   possession of the firearm and ammunition was somehow innocent, fleeting, or transitory, but such

15   arguments would be contrary to established federal law and have no bearing on the defendant's guilt or

16   innocence.  Accordingly, the government requests a ruling prohibiting the defendant from introducing

17   evidence or arguing for an innocent, transitory, or fleeting defense to possession of the firearm and

18   ammunition.

19   **V.    Motion *In Limine* No. 5: Prohibit Jury Nullification Arguments**

20       The government moves this Court for an *in limine* order prohibiting evidence and arguments by

21   defendant aimed at jury nullification.  Such arguments are irrelevant and unfairly prejudicial and should

22   be excluded under the Federal Rules of Evidence.  *See* Fed. R. Evid. 401, 402, 403.  "[J]uries do not

23   have a right to nullify . . . on the contrary, 'courts have the duty to forestall or prevent [nullification].'"[2]

24   *United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017) (citing *Merced v. McGrath*, 426 F.3d

25   1076, 1079–80 (9th Cir. 2005)).  Jurors have a duty to follow the law "whether [they] agree with that

26

27   _____

[2] Jury nullification is defined in Black's Law Dictionary as a "jury's knowing and deliberate rejection of

28   the evidence or refusal to apply the law either because the jury wants to send a message about some
     social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's
     sense of justice, morality, or fairness."  *Black's Law Dictionary* 1026 (11th ed. 2019).

1  law or not." Ninth Circuit Model Criminal Jury Instructions, 3.1 (2019); *accord Merced*, 426 F.3d at

2  1079 ("'[I]t is the duty of juries in criminal cases to take the law from the court, and apply that law to

3  the facts as they find them to be from the evidence.'") (quoting *Sparf v. United States*, 156 U.S. 51, 102

4  (1895)).

5          The Court should therefore exclude all evidence aimed at encouraging jury nullification, such as

6  the categories of evidence discussed below, including because such arguments and evidence are

7  irrelevant to the ultimate issue of defendant's guilt or innocence. While such evidence is universally

8  inadmissible, the government specifically moves to preclude defendant from offering evidence or

9  argument about the following issues because they have no bearing on defendant's guilt or innocence.

10

11  ### A.    Evidence or Argument Regarding Punishment and Consequences of Conviction Should Be Excluded

12          The defendant should be prohibited from introducing evidence or argument regarding possible

13  punishment and consequences of conviction, and should be precluded from encouraging jury

14  nullification.

15          "It has long been the law that it is inappropriate for a jury to consider or be informed of the

16  consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). A jury's sole

17  function in a criminal prosecution is to determine guilt or innocence, not to impose sentence. *Shannon*

18  *v. United States*, 512 U.S. 573, 579 (1994); *United States v. Collins*, 109 F.3d 1413, 1421 (9th Cir. 1997)

19  ("sentencing is the province of the judge, not the jury") (quoting *United States v. Sherpa*, 97 F.3d 1239,

20  1244-45 (9th Cir. 1996)). For this reason, "juries are not to consider the consequences of their verdicts,"

21  and "[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task."

22  *Shannon*, 512 U.S. at 579. Because evidence and arguments about the period of incarceration,

23  immigration consequences, consequences for violating supervised release, and other collateral

24  consequences of conviction are not probative of guilt or innocence, allowing such evidence at trial

25  invites the jury to "ponder matters that are not within their province, distracts them from their

26  factfinding responsibilities, and creates a strong possibility of confusion." *Id.* The Ninth Circuit model

27  jury instructions specifically provide that the jury "may not consider punishment in deciding whether the

28  government has proved its case against the defendant beyond a reasonable doubt." Ninth Circuit Model

1   Criminal Jury Instructions, 7.4 (2019).

2       Because the jury may not consider punishment, the Court should exclude any evidence or

3   argument in statements, questions, or argument during trial regarding defendant's potential period of

4   incarceration or any other collateral consequences he faces if convicted.  This would include, for

5   example, evidence or argument about potential immigration consequences—including the defendant's

6   potential deportation—or consequences for violating supervised release.  That reference could be as

7   overt as the defendant "faces a lengthy sentence," or more subtle, such as the defendant's "liberty is at

8   stake in this trial," or "your decision will have consequences for a long time to come," or "this case will

9   have serious consequences for" the defendant.  Once the jury hears about punishment, the Court cannot

10  "un-ring the bell" or neutralize the damage with a curative instruction.

11      Just as defense counsel should be precluded from making arguments about potential punishment

12  and consequences, so too should defense counsel be precluded from suggesting that the jury should not

13  convict because the defendant is a good person, because the defendant has had a difficult life, because

14  the defendant is in America "seeking a better life," because the defendant "has already suffered

15  enough," or because the government should have used its resources in other ways.  Such argument could

16  be a subtle comment on punishment, or simply an attempt at jury nullification, such as comments

17  regarding whether this case should have been brought by the government in the first place, or

18  characterizations of this crime as not worth the jury's time.  Whether these comments evoke concepts of

19  punishment or encourage jury nullification or both, they are improper under the law.  Such comments

20  present irrelevant and plainly prejudicial facts to the jury and attempt to distract the jury with the

21  treatment of the alleged crime, rather than from whether the defendant is guilty of it.  Accordingly, such

22  evidence and arguments should be excluded.

23
24      **B.      Evidence or Argument Regarding State Court Proceedings and the Government's Charging Decisions Should Be Excluded**

25      The defendant should be prohibited from introducing evidence or argument regarding the state

26  court proceedings involving the defendant, and the government's charging decisions in the investigation

27  that gave rise to the indictment.

28      The defendant may attempt to introduce evidence or argue about the existence of state court

1    proceedings involving the defendant or introduce the results from the state court proceedings, as the

2    defendant has previously suggested.  *See* Dkt. No. 31.  Moreover, the defendant may attempt to

3    introduce evidence or argue that the government's federal prosecution is "vindictive", or that the federal

4    government controlled the state prosecution.  *See* Dkt. No. 8.  The Court denied the defendant's motion

5    alleging these defense theories as "not a close question."[3]  Any evidence or arguments about other the

6    existence or results of other proceedings, or charging decisions, have no bearing on the issue of

7    defendant's guilt or innocence in this matter and must therefore be excluded.  *See, e.g.*, *United States v.*

8    *Jackson*, 721 F. App'x 631, 633 (9th Cir.), *cert. denied*, 139 S. Ct. 169 (2018) ("Defense counsel's line

9    of questioning . . . attempt[ing] to raise questions as to the charging decisions" was properly excluded).

10           Accordingly, the only purpose of such evidence or arguments would be to introduce confusion

11   about other proceedings or to provoke an emotional response from the jury based on perceived

12   inequities in charging decisions, and thereby to encourage jury nullification.  Such evidence and related

13   arguments should be excluded.

14
15                 **C.      Evidence or Argument Regarding Any References to Defendant in News Media or**
                            **Politics Should Be Excluded**

16           The defendant should be prohibited from introducing evidence or argument regarding any

17   references to the defendant or proceedings involving the defendant in news media or politics.

18           The defendant may attempt to introduce evidence or argue about statements in the news media or

19   politics about the defendant or this matter, or make irrelevant or inflammatory references to politicians,

20   immigration, or a wall between the United States and Mexico, as the defendant has previously

21   suggested.  *See* Dkt. No. 31.  Such evidence or arguments are irrelevant and unfairly prejudicial and

22   should be excluded under Federal Rules of Evidence.  *See* Fed. R. Evid. 401, 402, 403.

23           Such evidence or arguments have no bearing on the issue of defendant's guilt or innocence.

24
25   _____

26   [3] In denying the defendant's motion, the Court found "no basis for suspecting that the federal
     prosecution is 'vindictive' in the narrow sense required to prevail on a claim of vindictive prosecution"
     and "no indication that the charging decision was motivated by a desire to punish Garcia-Zarate

27   specifically for exercising any constitutional or procedural right in the state court case, as would be
     necessary to pursue a vindictive prosecution claim."  Dkt. No. 16.  The Court also found "no basis for

28   suspecting that the federal government controlled the District Attorney's efforts during the state
     prosecution, and thus no basis for a double jeopardy claim under current law."  *Id.*

Indeed, rather than helping jurors carry out their duties of determining guilt or innocence, such evidence or arguments only threaten to cloud juror thinking and invite nullification, and must therefore be excluded.

**D.    Evidence or Argument Regarding Prior Ownership of the Firearm and Ammunition Should Be Excluded**

The defendant should be prohibited from introducing any evidence or argument regarding the prior owner of the firearm and ammunition at issue in this case, including with respect to the Bureau of Land Management (BLM).  Specifically, the defense should be precluded from introducing evidence that the firearm and ammunition at issue in this case were stolen from a vehicle used by a BLM officer that was parked in San Francisco.[4]  Any information regarding the prior owner of the firearm and ammunition before the defendant came into possession of it is not relevant and has no tendency to make a fact of consequence to the case regarding the defendant's possession more or less probable.  *See* Fed. R. Evid. 401(a), (b).

The government's case will be focused narrowly on the defendant's possession of the firearm on Pier 14 in San Francisco on July 1, 2015 at around 6:30 p.m. and the investigation that followed.  How the defendant came to have the firearm in his pants before he arrived at the pier, and where the firearm was days earlier, are irrelevant to whether he possessed it at the time charged in the Superseding Indictment.  Evidence about those matters, such as how the weapon was taken from a BLM officer or about BLM policies with respect to storage and maintenance of firearms, serves no other purpose than to create confusion or to invite jury nullification.

**VI.    Motion *In Limine* No. 6: Prohibit References to Alleged Facts That Defendant Does Not Reasonably Anticipate Will Be Supported By Evidence at Trial**

Counsel for the defendant should be precluded from referring to facts that will never be supported, and are not reasonably anticipated to be supported, by evidence introduced at trial.  Such

---

[4] Ms. Steinle's family has sued the City of San Francisco and the federal government (including the Department of the Interior, the Bureau of Land Management, and ICE), alleging that her death resulted from government negligence.  *Steinle v. United States*, 16-CV-2859 JCS, Dkt. No. 1 (complaint) (N.D. Cal. May 27, 2016); *see id.*, Dkt. No. 48 (Jan. 6, 2017) (Judge Spero's order granting City's motion to dismiss, and granting in part and denying in part United States' motion).

1   references may include citations to the defendant's background, character references, his family

2   circumstances, his immigration status, or why he came to the United States.  Such improper statements

3   may also include references to alleged "other acts" of government witnesses that have not been noticed

4   under Rule 404(b) and thus cannot be reasonably anticipated to be admitted into evidence.

5        The Court's Standing Order for Criminal Cases requires the defense to provide the government

6   with an exhibit list and a witness list.  If the defense intends to introduce evidence of the defendant's

7   background or other facts, therefore, it must provide the government with a list of defense witnesses or

8   exhibits that will be used to present this evidence to the jury.  Similarly, the defense must provide notice

9   of certain defenses and Rule 404(b) evidence it may intend to present.  If defense counsel does not

10  provide such notice, and the government is therefore not given a pretrial opportunity to challenge the

11  admission of such evidence, then defense counsel does not reasonably anticipate that it will be admitted

12  and should not reference it in his opening statement.

13       The government respectfully requests that, if defense counsel intends to reference the

14  defendant's background or "other acts" of any witnesses in opening statement, they be required to

15  comply with the Court's Standing Order and disclose to the government the witnesses and exhibits they

16  intend to introduce at trial to support these statements.  If defense counsel is unsure by the time of their

17  opening statement whether such evidence will be introduced, then they should be precluded from

18  referencing the background of the defendant or a witness, or any other facts they do not reasonably

19  anticipate will be supported by evidence.

20  **VII.   Motion _In Limine_ No. 7: Allow Impeachment of Defendant If He Testifies**

21       The government seeks to use the defendant's prior convictions for impeachment purposes, if the

22  defendant testifies.  The defendant has sustained numerous prior felony convictions, including a 2011

23  conviction for Illegal Re-Entry Into the United States After Deportation in violation of 8 U.S.C. § 1326,

24  for which he was sentenced to 46 months imprisonment and a 3 year term of supervised release; a 2003

25  conviction for Illegal Re-entry After Deportation of an Aggravated Felon in violation of 8 U.S.C.

26  § 1326, for which he was sentenced to 51 months imprisonment and a 2 year term of supervised release;

27  a 1998 conviction for Illegal Re-entry After Deportation in violation of 8 U.S.C. § 1326, for which he

28  was sentenced to 63 months imprisonment and a 3 year term of supervised release, among others.  If the

1   defendant testifies, the government should be permitted under Federal Rule of Evidence 609 to impeach

2   him with his convictions.

3          Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a testifying defendant,

4   evidence that the defendant has been convicted of a crime punishable by imprisonment in excess of one

5   year "shall be admitted if the court determines that the probative value of admitting this evidence

6   outweighs its prejudicial effect to the accused." Fed. R. Evid. 609. The defendant's convictions are

7   admissible to impeach his testimony under Rule 609(a)(1). The Ninth Circuit has developed five factors

8   to weigh the probative value of a conviction against its prejudicial effect: (1) the impeachment value of

9   the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the

10   similarity between the past crime and the charged crime; (4) the importance of defendant's testimony;

11   and (5) the centrality of the defendant's credibility. *See United States v. Cook*, 608 F.2d 1175, 1185 n.8

12   (9th Cir. 1979) (en banc), *overruled on other grounds in Luce v. United States*, 469 U.S. 38 (1984); *see*

13   *also United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000).

14          These factors weigh in favor of permitting impeachment of the defendant with his prior

15   convictions. As an initial matter, the 2011 conviction falls within the ten-year period provided by Rule

16   609(b). Likewise, in *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987), the Ninth Circuit

17   permitted admission of a prior conviction based in part on the fact that the defendant had been out of jail

18   for less than a year. Moreover, the defendant's illegal re-entry convictions are sufficiently distinct from

19   firearm and ammunition charges here as to not prejudice the defendant. *See Browne*, 829 F.2d at 763

20   (fearing that where "the prior conviction is sufficiently similar to the crime charged, there is substantial

21   risk that [the jury will impermissibly conclude that] because he did it before, he must have done it

22   again."). Finally, if the defendant testifies, his credibility will be central to the defense's case. The

23   Ninth Circuit has held that "[w]hen a defendant takes the stand and denies having committed the

24   charged offense, he places his credibility directly at issue." *United States v. Alexander*, 48 F.3d 1477,

25   1489 (9th Cir. 1995) (citing numerous cases). Thus, if the defendant testifies in this case that he did not

26   possess the firearm and ammunition, he puts his credibility at issue and his prior convictions should be

27   admitted to impeach him. If the defendant takes the stand and the government is not permitted to

28   impeach him with his prior convictions, the jury would likely be left with a false impression about his

1    trustworthiness as a testifying witness.  As the Ninth Circuit observed, "[i]t is not surprising that the

2    [district] court was unwilling to let a man with a substantial criminal history misrepresent himself to the

3    jury, with the government forced to sit silently by, looking at a criminal record which, if made known,

4    would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness."

5    *Cook*, 608 F.2d at 1187.

6         To the extent any prejudice may arise by evidence of any of these prior convictions, it can be

7    addressed by the Ninth Circuit Model Criminal Jury Instructions, 4.6 (2019):  "You have heard evidence

8    that defendant has previously been convicted of a crime.  You may consider that evidence only as it may

9    affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of

10   guilt of the crime for which the defendant is now on trial."  It must be assumed that the jury will follow

11   the instructions given to it by the Court.  *See United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir.

12   1998) ("[T]he district court gave detailed limiting instructions in order to curtail any unfair prejudice

13   that Nelson might suffer.  This court can presume that the jury followed these instructions.").

14        For these reasons, the Court should rule that the government may introduce evidence of the

15   defendant's prior convictions for impeachment purposes, if the defendant testifies.

16                                           **CONCLUSION**

17        For the foregoing reasons, the government requests that the Court grant its motions *in limine*.

18   The government reserves the right to supplement these motions if additional issues arise that require the

19   Court's attention.  In addition, because the defendant has not yet provided reciprocal discovery required

20   under Fed. R. Crim. P. 16(b), the government requests the opportunity to supplement these motions *in*

21   *limine* to address any issues triggered by the defense.

22

23   DATED: December 26, 2019                    Respectfully submitted,

24                                               DAVID L. ANDERSON
25                                               United States Attorney

26                                               _____/s/_____
                                                 KEVIN J. BARRY
27                                               ERIC CHENG
28                                               Assistant United States Attorneys