J. TONY SERRA SBN 32639
MARIA BELYI SBN 270019
3330 GEARY BLVD., THIRD FLOOR EAST
SAN FRANCISCO, CA 94118
TELEPHONE: (415) 986-5591
FACSIMILE: (415) 421-1331

ATTORNEYS FOR DEFENDANT
JOSE INEZ GARCIA-ZARATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:17-CR-609-VC |
| Plaintiff, | MR. GARCIA-ZARATE'S MOTIONS IN LIMINE |
| vs. | Date: January 8, 2020 |
| JOSE INEZ GARCIA-ZARATE, | Time: 10:00 a.m. |
| Defendant. | Courtroom: Hon. Vince Chhabria |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Mr. Garcia-Zarate hereby makes the following motions *in limine*.

Dated: December 26, 2019

                                                                                         */s/ Maria Belyi*
                                                                                         J. TONY SERRA
                                                                                         MARIA BELYI
                                                                                         Attorneys for Defendant
                                                                                         JOSE INEZ GARCIA-ZARATE

**1. Motion to Exclude Prior Convictions and Bad Acts for All Purposes.**

The prosecution and the defense have entered into a stipulation regarding Mr. Garcia-Zarate's having been convicted of a felony prior to July 1, 2015 and of his being in the country illegally.

Thus, Mr. Garcia-Zarate moves to exclude evidence of his prior felony convictions, misdemeanor convictions, and bad acts, both for substantive purposes related to alleged evidence, and for impeachment. These priors would be pure propensity evidence of non-related non-violent offenses. This evidence is not presented as evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of evidence (See Rule 404(b)). Admitting these priors for impeachment or to show that Mr. Garcia-Zarate is a repeat offender would unfairly inflame and prejudice the jury.

Mr. Garcia-Zarate contends that the unfair prejudicial effect the use of his prior convictions would far outweigh the probative value. Thus, if the prosecution intends to use any of his prior convictions, Mr. Garcia-Zarate requests that they be evaluated under Rule 609(a)(1), and that the prosecution meet its burden that the probative value of each conviction outweighs the prejudice. See e.g. United States v. Hendershot, 614 F. 2d 648, 652 (9th Cir. 1980).

**Granted _____   Denied _____   Modified _____**

**2. Motion to prohibit testimony that does not go to the allegation of possession of the firearm.**

Mr. Garcia-Zarate moves to exclude any testimony or evidence that does not go to the allegation of possession of the firearm. The defense requests an offer of proof as to each witness's testimony and its probative value.

<u>Testimony of James Steinle</u>

The prosecution indicated that James Steinle would be called to establish possession of the weapon by "setting the scene." The defense moves to exclude this testimony under Fed. R. Evid. 403. The defense believes that any testimony that could be provided by Mr. Steinle to "set the scene" could likely be agreed to through stipulation.

**Granted _____   Denied _____   Modified _____**

**3. Motion to exclude any references to DNA evidence.**

No DNA was found on the weapon in this case. Therefore, any reference to DNA, including the misleading statements by investigators during Mr. Garcia-Zarate's interrogation, needs to be excluded as it carries zero probative value and creates a danger of substantial likelihood of an undue consumption of court time, undue prejudice, confusing the issue, or misleading the jury.

**Granted** _____   **Denied** _____   **Modified** _____

**4. Motion to exclude any reference to there being gun-shot residue (GSR) evidence found on Mr. Garcia-Zarate.**

The defense is in possession of the GSR report and laboratory tests conducted in this matter. The gunshot residue analysis claims that one GSR particle was detected on Mr. Garcia-Zarate's right hand. However, the machine printout indicates that there are zero particles of PbBaSb and four particles of BaSb. That printout was later altered through handwritten notes to state that there is one PbBaSb particle and three BaSb particles. See GSR Report, at BATES JGZ-001809, attached as Exhibit A.

Further, by the time that Mr. Garcia-Zarate's hands were covered by paper bags, he had spent at least forty-five minutes in the back of Officer Bryant's patrol car. See Officer Bryant's preliminary hearing excerpt, attached as Exhibit B. Mr. Garcia-Zarate was handcuffed, with his hands behind him, and sweating profusely. Id.

The alteration of the results and the high potential of there having been contamination of Mr. Garcia-Zarate's hands while he was in the back of the patrol car mandates the exclusion of any reference to the GSR.

Mr. Garcia-Zarate also asks that the mention of GSR in his interrogation be excluded and edited out of any video played to the jury, as, given that that statement was a lie at the time it was uttered, it would create danger of substantial likelihood of an undue consumption of court time, undue prejudice, confusing the issue, or misleading the jury.

**Granted** _____   **Denied** _____   **Modified** _____

**5. Motion to exclude any medical examiner photographs.**

The cause of death of Ms. Steinle is not disputed nor is it an issue in this case. Mr. Garcia-Zarate requests that any and all photographs taken by the medical examiner be excluded for any purpose from being displayed or presented as evidence. These photos are not probative of any relevant fact and would exceedingly inflame emotions, cause undue prejudice, confuse the issues, and mislead the jury.

**Granted** _____   **Denied** _____   **Modified** _____

**6. Motion to exclude coroner testimony.**

The government has previously indicated its intention to call the coroner.

As stated above, the cause of death of Ms. Steinle is not disputed nor is it an issue in this case. Mr. Garcia-Zarate requests that the coroner's testimony be excluded for any purpose as it is not probative of any relevant fact and would exceedingly inflame emotions, cause undue prejudice, confuse the issues, and mislead the jury.

**Granted** _____   **Denied** _____   **Modified** _____

**7. Motion regarding adjustments of Video Footage.**

Any edits or manipulations to videos must be disclosed and stipulated to or ruled on by the court prior to the trial. Any witnesses testifying while the video is playing should be prohibited from opining about the actions, intention, and significance of any material captured by the video.

**Granted** _____   **Denied** _____   **Modified** _____

**8. Motion excluding certain videos.**

No photographs, videos or footage depicting Ms. Steinle after she was shot should be shown to the jury as it would create a danger and substantial likelihood of an undue consumption of court time, undue prejudice, confusing the issue, or misleading the jury.

**Granted** _____   **Denied** _____   **Modified** _____

**9. All files and exhibits be generically named.**

Mr. Garcia-Zarate requests that any files displayed in front of the jury be named with a generic naming structure such as "photo A," "July 1, 2015," or "Man on Chair." Names and labels should not be conclusory, argumentative, or misleading, such as "money shot" or "smoking gun" or

"evidence of guilt." Such labels unjustly influence a jury on a triable issue of fact and deny the jurors an opportunity to make their own determination of the quality of the evidence presented.

Similarly, photographs purporting to be photographs of Mr. Garcia-Zarate should not be labeled as such unless it had been stipulated that the photograph indeed shows Mr. Garcia-Zarate.

**Granted** _____    **Denied** _____    **Modified** _____

**10. Defense is relying on prosecution witness list.**

The defense puts the prosecution and the Court on notice that it is relying on the prosecution's witness list in formulating the defense witness list. Thus, if the prosecution decides that it will not call a listed witness, the defense requests immediate notification so that it may, if necessary, amend its witness list.

**Granted** _____    **Denied** _____    **Modified** _____

**11. Motion to exclude all witnesses during the proceeding.**

Mr. Garcia-Zarate moves to exclude all non-testifying witnesses during the opening statements, and the taking of evidence unless that witness is testifying. (Fed. R. Evid. 615)

**Granted** _____    **Denied** _____    **Modified** _____

**12. All witnesses shall be subject to recall upon being dismissed from the stand.**

Mr. Garcia-Zarate requests that all witnesses testifying shall be notified that they are subject to recall upon being dismissed.

**Granted** _____    **Denied** _____    **Modified** _____

**13. Disclosure of any and all information regarding civilian witnesses' criminal records, prior bad acts, crimes of moral turpitude.**

Mr. Garcia-Zarate requests disclosure of all civilian witness's criminal records, including prior bad acts and crimes of moral turpitude.

**Granted** _____    **Denied** _____    **Modified** _____

///

///

///

**14. Motion regarding the theft of firearm in question.**

Mr. Garcia-Zarate objects to any statements or arguments by the prosecution or prosecution witnesses implying that he stole or played any role in the theft of the gun at issue in this case. Fed. R. Evid. 403; 404(b).

**Granted** _____ **Denied** _____ **Modified** _____

**15. Exclusion of any testimony, documents, physical evidence not disclosed to defense.**

Mr. Garcia-Zarate requests that any evidence not previously disclosed to the defense be excluded. Fed. R. Crim. Pro. 16(d)(2)(C).

**Granted** _____ **Denied** _____ **Modified** _____

**16. Addressing parties by their names rather than conclusory or argumentative labels, which assume facts not in evidence and undermine the presumption of innocence.**

Mr. Garcia-Zarate requests that the prosecution, court personnel, and prosecution witnesses refer to all people by their given name, rather than names such as "the victim" or "perpetrator." These characterizations are argumentative, and subvert Mr. Garcia-Zarate's presumption of innocence by a repeated characterization for the jury.

**Granted** _____ **Denied** _____ **Modified** _____

**17. Exclusion of opinion testimony from the prosecution witnesses regarding Mr. Garcia Zarate's guilt.**

**Granted** _____ **Denied** _____ **Modified** _____

**18. Exclusion as to opinion or expert opinion from prosecution witnesses as to the veracity of Mr. Garcia Zarate's statements.**

Mr. Garcia-Zarate hereby moves to exclude any testimony from government witnesses professing to assess the veracity of any of his recorded statements. Any person's testimony as to Mr. Garcia-Zarate's credibility or veracity would be in violation of Fed. R. Evid 702 as it would "encroach upon the jury's vital and exclusive function to make credibility determinations, and therefore [would] not assist the trier of fact." See United States v. Hill, 749 F.3d 1250, 1263 (10th Cir. 2014).

**Granted** _____ **Denied** _____ **Modified** _____

**19. Exclusion of Statement by Mr. Garcia Zarate at Arraignment.**

Mr. Garcia-Zarate hereby moves to exclude any statement made at the arraignment on November 5, 2019 before Magistrate Hixson on the grounds that it is not a complete statement, and that any probative value would be far outweighed by the prejudice.

The arraignment before Magistrate Hixson was not fully recorded due to recording equipment error from 11:23 a.m. to 11:32 a.m. See Dkt. 42 at 5:5-7. The proceedings adjourned at 11:32 a.m. Id. The arraignment took place after a status conference in front of this Court, wherein various subjects, including the defendant's proposed questions to the jury as to their view on President Trump's stance on immigration and illegal aliens, were addressed. Counsel for the defense and this Court entered into a detailed colloquy regarding the Court's stance on the issue of submitting such questions to the jury venire and Mr. Serra's position regarding the necessity of such questions.

Thereafter, before Magistrate Hixson, Mr. Garcia-Zarate appeared confused. He stated that he did not understand the charges against him. Id. at 3:6-8. He asked whether he had one or two interpreters. Id. at 14-16. He expressed confusion about the charges as to the gun at the Embarcadero and his prior deportations. Id. at 3:23-4:1; 4:9-20. The court took a break for Mr. Garcia-Zarate to consult with counsel; nothing after the break is recorded. Id. at 5.

Mr. Garcia-Zarate contends that the requirement of completeness mandates the exclusion of that statement as the full arraignment was not recorded and Mr. Garcia-Zarate's statement is taken out of its full context. See Fed. R. Evid. 106.

Further, if the government were allowed to admit this statement, Mr. Garcia-Zarate would request that the prior court proceedings in front of this Court be admitted as he is clearly referencing the past proceeding.

The probative value of this statement, on its own, and in combination with the transcript of the prior proceedings, would undoubtedly be outweighed by unfair prejudice, confusion of issues, misleading of the jury, undue delay, and waste of time. Fed. R. Evid. R. 403.

**Granted** _____  **Denied** _____  **Modified** _____

**20. Prohibition on referring to the firearm as a "murder weapon."**

Mr. Garcia-Zarate requests that all parties be prohibited from referring to the gun at issue as a "murder weapon." Mr. Garcia-Zarate has been acquitted of the allegation of killing Ms. Steinle. Referring to the gun as a "murder weapon" would cause confusion to the jury, inflame emotions, cause undue prejudice, and mislead the jury.

**Granted** _____  **Denied** _____  **Modified** _____

**21. Prohibition on saying that Mr. Garcia-Zarate fired or used the gun.**

Mr. Garcia-Zarate requests that all parties be prohibited from stating or implying that he had "used" or "fired" the gun. The defense of accidental discharge and questions the assertion that he "used" or "fired" that weapon. An assertion that he did would be conclusory and replaces the jury as the fact finder in this matter.

**Granted** _____  **Denied** _____  **Modified** _____

Dated: December 26, 2019

Respectfully submitted,

　/s/ *Maria Belyi*_____
J. TONY SERRA
MARIA BELYI
Attorneys for Defendant
JOSE INEZ GARCIA-ZARATE