UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. CR 17-609 (VC) |
| ) | |
| JOSE INEZ GARCIA-ZARATE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Francisco, California
Tuesday, November 5, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California 94102
  BY: **KEVIN J. BARRY**
      **ERIC CHENG**
      **ASSISTANT UNITED STATES ATTORNEY**S

For Defendant:
        LAW OFFICES OF MARIA BELYI
        Pier 5 Law Offices
        506 Broadway
        San Francisco, California 94133
  BY: **MARIA BELYI**
      **ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By: Ruth Levine Ekhaus, RDR, FCRR
             Official Reporter, CSR No. 12219

```
 1   APPEARANCES:  (CONTINUED)

 2   For Defendant:
                              LAW OFFICES OF J. TONY SERRA
 3                            506 Broadway
                              San Francisco, California 94133
 4                      BY:   J. TONY SERRA
                              ATTORNEY AT LAW
 5

 6   Also Present:  Daniel Navarro, Spanish Interpreter
```

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | <u>Tuesday - November 5, 2019</u>                    10:33 a.m.  |

         P R O C E E D I N G S

                 ---o0o---

    **THE CLERK:** Calling Case Number 17-CR-00609, USA versus Jose Inez Garcia-Zarate.

Counsel, please state your appearances for the record.

    **MR. CHENG:** Good morning, Your Honor. Eric Cheng and Kevin Barry for the Government.

    **THE COURT:** Good morning.

    **MR. SERRA:** Good morning, Your Honor. It's Maria Belyi and Tony Serra. Our client is present in custody. He is being assisted by the interpreter.

    **THE COURT:** Good morning.

Good morning, Mr. Garcia-Zarate.

    **THE DEFENDANT:** Good morning.

    **THE INTERPRETER:** Good morning. Daniel Navarro. I have been sworn in the matter.

    **THE COURT:** Good morning.

Okay. So if I recall correctly, we just set this as kind of a check-in to see where we were going to be at this point. We have set a trial date for sometime in January; is that right?

    **MR. CHENG:** January 13th, Your Honor.

    **THE COURT:** Okay. And I have seen the defense filed some proposed questions to add to the jury questionnaire. You

know, I don't -- I think we had set a later date to talk about those.

I will just go ahead and tell you right now, that, you know "Do you believe that President Trump's wall between Mexico and the United States is a good idea," that's not the kind of question we're going to be asking prospective jurors in this case.

I do think it's appropriate to ask a couple of questions of the prospective jurors about their knowledge of this case, some more open-ended type questions designed to get some useful information from them about any exposure they have had to this case or to, you know, the story of Mr. Garcia-Zarate and Ms. Steinle.

But this is not going to be a trial about President Trump. It's not going to be a trial about the Trump presidency. It's going to be a trial about whether Mr. Garcia-Zarate was a felon in possession of a firearm and/or an undocumented alien in possession of a firearm.

So I just want to be very clear right now that it's going to be a short trial, and it's not going to involve the Trump Administration.

**MR. SERRA:** Your Honor appreciates that my proposed augmentation to the questionnaire included more than just the question that you raised. So there will come a time we'll argue it and the Court will edify us as to what, if any, of

| | |
|---|---|
| 1 | those areas that the Court would augment the questionnaire; and |
| 2 | so we will wait for that day. I'm not going to argue it now. |
| 3 | I foresaw that there would be some controversy. I foresee |
| 4 | that the prosecution is probably going to object to a number of |
| 5 | those. If -- |
| 6 | **THE COURT:** Well, the prosecution doesn't have to |
| 7 | because these questions are not going to be asked. I mean, as |
| 8 | I said, we'll put together one or two questions, and we'll all |
| 9 | work together on it, to -- better designed to assess whether |
| 10 | prospective jurors have had exposure to this case and, if so, |
| 11 | whether it will adversely affect their ability to be fair and |
| 12 | impartial. For sure, we'll do that. But these types of |
| 13 | argumentative and Trump-specific questions are not going to be |
| 14 | asked to the jury. |
| 15 | **MR. SERRA:** Well, Your Honor, I beg to differ. I'll |
| 16 | argue it on the 18th. I think it would be futile to argue |
| 17 | today because it's not set for argument. Suffice it to say I |
| 18 | disagree with the Court, respectfully. |
| 19 | **THE COURT:** Okay. That sounds good. |
| 20 | So is there anything else that I can do for you all today |
| 21 | in terms of making sure that we're continuing to move along and |
| 22 | that we are ready for trial in January? |
| 23 | **MR. CHENG:** Not from the Government's perspective, |
| 24 | Your Honor. |
| 25 | I'll just say as an update, we are prepared to provide our |

submissions with respect to jury questionnaire under the schedule, I believe it's in early December.

We, I think as the Court would already predict, we do not agree to the questions that the defense has proposed in their submission. But we will prepare a submission and be prepared to talk about it on the 18th.

And, you know, I think one of the things that as -- just as an update, the Government has proposed some stipulations. We anticipate this to be a case that is focused solely on the possession of the firearm. We proposed some stipulations to defense counsel. I think those have not been accepted or agreed to at this time. But we believe that those stipulations, on what should not be contested issues, would, I think, significantly streamline the course of the trial.

**THE COURT:** That would be nice, but of course, the defense is not required to stipulate to anything. But whether the defense stipulates to anything or not, none of the elements of the charged crimes has anything to do with President Trump --

**MR. CHENG:** That's absolutely right, Your Honor.

**THE COURT:** -- so that this trial is not going to involve that at all, or United States immigration policy, or anything like that.

**MR. CHENG:** Yes, Your Honor.

**THE COURT:** So anything I can do for your side right

1 now?

2 **MR. SERRA:** No. We're conserving the stipulation. We
3 just really got it -- at least I did -- today. So that will be
4 ongoing. Hopefully we can agree on the areas that the
5 prosecution wants us to. But, you know, just parenthetically,
6 let me just, you know, how would I call it, evacuate my spleen.
7 We wouldn't be here, but for Trump. He is the one that
8 orchestrated it. He used it as part of his campaign. Everyone
9 who voted for him -- and there will be people on the venire
10 jury that have voted for him -- potentially share his view with
11 respect to, you know, the immigrant issue. So I expect some
12 questions in that area.
13 **THE COURT:** Yeah. No. No. It will certainly be
14 appropriate to determine, you know, whether exposure to
15 publicity about this case, and people's views about that
16 publicity, have any effect on their ability to be a fair and
17 impartial juror, to be sure; and it is appropriate to explore
18 that to a degree in jury selection. I'm talking about the
19 trial. Right?
20 **MR. SERRA:** Okay. I'm talking about jury selection.
21 **THE COURT:** The trial is not -- I would imagine a
22 motion in limine from the Government precluding the defense
23 from making any reference to President Trump, or the Trump
24 Administration, and I would imagine granting that motion. I
25 mean, I'll hear argument about it of course.

1    But this trial, I just want to make very clear, to the
2    extent you're considering your options and considering what you
3    might be able to present to the jury and will not be able to
4    present to the jury, it's not going to be about
5    President Trump.
6         **MR. SERRA:**  Interest, bias, and motive are always
7    relevant.  And if there is, you know, a motive that emanates
8    from the Trump Administration, I would argue that's relevant at
9    trial, not merely questionnaire.  But that's a bridge we'll
10   cross later.
11        **THE COURT:**  Yeah, but it's not a bridge you're going
12   to get across.  The case is not going to be about Donald Trump
13   and it's not going to be about the Trump Administration.  I
14   just want to be absolutely clear about that.  Okay?
15        **MR. SERRA:**  I'm sorry?
16        **THE COURT:**  For you and your client, I just want to
17   make sure everybody knows that that's not what this trial is
18   going to be about.
19        So how are things going over in Alameda County on your
20   *Ghost Ship* matter?
21        **MR. SERRA:**  Well, you saw that one defendant was
22   acquitted.  Should never have been charged, there is no
23   evidence against him really, and meaningfully.
24        My client is hung.  You know, the media would say ten to
25   two; but we really had four, but the judge excused two of those

1  right at the last minute.  And when you have four, sometimes
2  you get five.  So I consider a substantial hang.  The case has
3  been reset for trial on March 30th.
4           **THE COURT:**  Oh, they have announced they are going to
5  seek a retrial?
6           **MR. SERRA:**  Yes, Your Honor.  On the other hand, my
7  co-counsel is seeking a resolution short of trial.  Maybe at
8  this very moment he is doing that.
9       So it's not a certainty yet.  It won't interfere with this
10 case at all.
11          **THE COURT:**  So they have set it for trial in March?
12          **MR. SERRA:**  March 30th.  So that's like April, really.
13          **THE COURT:**  Okay.  Great.  So that doesn't create any
14 problems for us.
15          **MR. SERRA:**  Yes.
16          **THE COURT:**  Good to hear.  All right.  Anything else?
17          **MR. CHENG:**  No, Your Honor.
18          **MR. SERRA:**  No, Your Honor.
19          **MR. BARRY:**  Thank you, Judge.
20          **MR. SERRA:**  Thank you, Your Honor.
21               (Proceedings adjourned at 10:43 a.m.)
22                            ---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, January 6, 2020

_____

Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court