UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE INEZ GARCIA-ZARATE,<br><br>　　　　　Defendant. | Case No. 17-cr-00609-VC-1<br><br>**ORDER RE MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 58, 60, 61 |

　　　　This order is intended to give the parties guidance for tomorrow's pretrial conference. If a ruling is described as "tentative," this means the Court wishes to hear argument. If the ruling is not described as tentative, it means the ruling is final and the Court will not hear argument. The Court will issue a separate order following the pretrial conference that summarizes all final rulings on the motions in limine.

　　　　　　　　　　　　　　A. Defendant's Motions in Limine

　　　　1. This ruling is tentative. The motion to exclude prior convictions and bad acts is granted in part and denied in part. It is granted as to the use of prior felony convictions to impeach Garcia-Zarate. It is denied as to evidence that Steinle was shot and killed, as the shooting is inextricably intertwined with the possession charge. However, as discussed below, evidence and argument regarding Steinle's death will be sharply limited. Furthermore, the Court will consider giving the jury a limiting instruction regarding the relevance of her death if the defense requests one. The defense's related request to introduce evidence that Garcia-Zarate was acquitted in state court is denied; the parties must refrain from specific references to the state court trial, instead referring generically to "prior proceedings" or "prior testimony under oath."

2. The motion to exclude the testimony of James Steinle is granted, because the details regarding Kate Steinle's death are barely relevant to the possession charges, particularly since the government does not contend that Garcia-Zarate intended to shoot her. Further, it would be unfairly prejudicial to Garcia-Zarate for the trial to include anything (much less the testimony of her father) beyond the fact of her death. To ensure that undue time is not spent on details regarding Steinle's death, the government must provide a detailed offer of proof as to each witness's testimony and its probative value.

3. The motion to exclude references to DNA testing of the firearm is denied. The government does not seek – and would not be permitted absent agreement by the defense – to introduce portions of the interrogation in which the topic of DNA evidence is discussed.

4. This ruling is tentative. The motion to exclude evidence of gunshot residue is denied, provided, of course, that the witness responsible for the report is subject to cross-examination.

5. The motion to exclude medical examiner photographs is granted, assuming the defense stipulates that the bullet that struck Steinle came from the gun found in the bay.

6. The motion to exclude coroner testimony is granted, subject to the same assumption.

7. This ruling is tentative. The motion regarding video footage is granted in part and denied in part. Edits or manipulations to the video must be disclosed, and they are subject to further objection. Portions of the video that say "Homicide Investigation" are inadmissible. Witnesses may narrate and describe events in a video based on their perceptions. They may not speculate as to the intention of other actors captured in the video, nor may they describe the shooting as a murder.

8. This ruling is tentative. The motion to exclude the video showing the shooting is denied. The video was taken from afar: it captures people as shadowy, indistinct figures and lacks the kind of detail that might shock a viewer. The video's probative value is therefore not outweighed by the risk of unfair prejudice it may create. The Court will entertain any further objections the defense has to edits to or manipulation of the video.

9. The unopposed motion to require that files be generically named is granted.

10. If the government does not call a witness on its list and the defense wishes to call that witness, it may do so.

11. The motion to exclude witnesses from the courtroom is granted, except as to the government's case agent.

12. Witnesses shall be subject to recall upon being dismissed from the stand. But a party may not recall a witness to discuss something the party already had an opportunity to ask about.

13. The motion to disclose information regarding witnesses is denied to the extent it exceeds the government's existing discovery obligations, but failure to comply with those obligations will preclude the government from calling the relevant witness. *See Brady v. Maryland*, 373 U.S. 83 (1963); Fed. R. Crim. P. 16; Local Rule 16-1; Cal. Rules of Prof. Conduct 3.8(d) & cmt. 3; 28 U.S.C. § 530B(a) ("An attorney for the Government shall be subject to State laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.").

14. This ruling is tentative. The motion to exclude statements or arguments by the government that Garcia-Zarate stole the gun is granted. However, the Court is inclined to deny the government's motion to exclude evidence about the gun's theft. *See* Government's Motions in Limine #2 – #7, Dkt. No. 61, at 15; *see also infra*, ¶ B5.

15. The motion to exclude evidence the government fails to disclose in conformance with its discovery obligations is granted.

16. The motion to require that all parties be referred to by name is denied.

17. The unopposed motion to prohibit witnesses from opining on the issue of guilt or innocence is granted.

18. This ruling is tentative. To the extent Garcia-Zarate moves to preclude interrogating officers from explaining why they did not believe his responses to questioning, the motion is denied. Otherwise, the motion to exclude opinion testimony about the veracity of Garcia-Zarate's statements is granted.

19. The Court is undecided on the motion to exclude Garcia-Zarate's statement during

arraignment. It is arguably unclear whether Garcia-Zarate was describing what he did or what he was accused of doing. If there is a strong likelihood that Garcia-Zarate was merely describing what he was accused of doing, admission of the statement could be unfairly prejudicial. Furthermore, if Garcia-Zarate's statement during arraignment is admitted, this may affect the Court's tentative ruling precluding specific references to the state court trial.

20. The unopposed motion to prohibit parties and witnesses from referring to the firearm as a murder weapon is granted.

21. The motion to prohibit the government from saying that Garcia-Zarate "fired" or "used" the gun is denied.

### B. Government's Motions in Limine

1. *See* ¶ A19.

2. This ruling is tentative. The motion to admit evidence of the shooting as inextricably intertwined with the possession charge is granted, subject to the limitations discussed previously. *See* ¶¶ A1, A2.

3. This ruling is tentative. The motion to prohibit Garcia-Zarate from introducing his own statements is granted. The government may introduce portions of the interview and interrogation as statements by a party opponent, but the portions introduced must not be misleadingly incomplete, and they are subject to further objection from the defense on Rule 403 grounds.

4. This ruling is tentative. The motion to prohibit evidence and argument regarding the "innocent, transitory, or fleeting possession" of the gun is denied. The defense is permitted to present evidence, and argue from that evidence, that Garcia-Zarate's holding of the gun was so fleeting that it didn't satisfy the knowing-possession element of the charges. A separate instruction on an affirmative defense, however, is not warranted.

5A. The government's unopposed motion to exclude evidence regarding the punishment or consequences of conviction is granted.

5B. This ruling is tentative. The motion to exclude evidence or argument regarding the

state court proceedings is granted.

5C. The motion to exclude evidence or argument that the federal prosecution is vindictive or politically motivated is granted, as is the motion to exclude evidence or argument regarding references to the defendant in news or politics.

5D. This ruling is tentative. The motion to exclude evidence regarding the theft of the firearm is denied because the fact that the firearm was stolen (apparently by someone else) from a nearby car arguably supports Garcia-Zarate's assertion that he found the gun at the pier.

6. The unopposed motion to preclude defense counsel from referencing facts that will not be included in evidence is granted.

7. This ruling is tentative. The motion to admit evidence of prior felony convictions is denied. *See* ¶ A1.

**IT IS SO ORDERED.**

Dated: January 7, 2020

VINCE CHHABRIA
United States District Judge