UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>JOSE INEZ GARCIA-ZARATE,<br>　　　　　Defendant. | Case No. 17-cr-00609-VC-1<br><br>**ORDER REGARDING COMPETENCY AND COMMITMENT FOR TREATMENT** |

　　　　On the eve of trial, the Court raised concerns about whether Garcia-Zarate is competent to stand trial. The Court appointed an independent examiner, Dr. Paul Elizondo, to conduct an initial assessment. Dkt. No. 95. Based on this assessment, along with the Court's own observations, the Court ordered that he be placed in the custody of the Attorney General and undergo an examination pursuant to 18 U.S.C. § 4241(b) to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also ordered that a report be filed pursuant to the provisions of section 4247 (b) and (c) setting forth the examiner's conclusions. Dkt. Nos. 109, 111. The examiner, Dr. Samantha Shelton, has concluded that Garcia-Zarate is not competent to stand trial. The Court then held an evidentiary hearing at which Dr. Elizondo and Dr. Shelton testified. In the wake of this hearing, the Court now finds by a preponderance of the evidence that Garcia-Zarate lacks a rational understanding of the proceedings against him and is unable to consult with his lawyers in a meaningful fashion, such that he is not competent to stand trial. 18 U.S.C. § 4241(c); *see also Dusky v. United States*, 362 U.S. 402 (1960).

Dr. Elizondo and Dr. Shelton testified credibly and convincingly that Garcia-Zarate has schizophrenia, and that his symptoms interfere with his ability to understand the charges against him and communicate meaningfully with counsel. Their reports provide more detail and support their testimony. Those reports were admitted into evidence at the hearing and will be unsealed following a review by the lawyers for possible redactions.

In addition to the expert evaluations, the Court has reviewed video of Garcia-Zarate's police interrogation and video of his interview with ABC News. The Court has also listened to an audio recording of Garcia-Zarate's arraignment, and had an under-seal colloquy with Garcia-Zarate in January to test whether he understood the charges against him. Dkt. 96. Garcia-Zarate also spoke at various points during the evidentiary hearing (although he ultimately decided he did not wish to testify). On each of these occasions, Garcia-Zarate's speech and responses to questions were frequently off-topic or nonsensical, and he demonstrated no understanding of the charges against him, further supporting a finding that he is not currently competent to stand trial.

At various points in connection with the evidentiary hearing, Garcia-Zarate appeared to express a desire to plead guilty so that he could leave the jail and be sent to prison or deported to Mexico. But for all the reasons discussed above, Garcia-Zarate is also not competent to plead guilty at this time, because he lacks sufficient mental capacity to waive his constitutional rights, make a reasoned choice among alternatives, and understand the nature and consequences of a guilty plea.

Both Dr. Elizondo and Dr. Shelton further testified credibly and convincingly that there is a reasonable probability that consistent treatment with antipsychotic medications could improve Garcia-Zarate's symptoms. Accordingly, Garcia-Zarate is committed to the custody of the Attorney General for treatment in a suitable facility. 18 U.S.C. § 4341(d). No later than four months from the day the defendant is received into custody by the Attorney General, a member of the staff of the facility to which the defendant has been committed by the Attorney General will submit to the Court and the parties a report regarding the likelihood that defendant will attain the capacity to permit the proceedings to go forward in the foreseeable future, and whether

additional time is required for such treatment to restore Garcia-Zarate to competency to stand trial.[1]

**IT IS SO ORDERED.**

Dated: October 19, 2020

                                                VINCE CHHABRIA
United States District Judge

---

[1] During the hearing, defense counsel Tony Serra informed the Court that Garcia-Zarate had stated a desire, in a private conversation held during a break, to fire Serra as his attorney. Because dismissing counsel in the middle of the hearing would have severely prejudiced a defendant whose mental health was in serious doubt, the Court allowed Serra to continue the defense. At the next court proceeding, the Court will raise the issue and discuss with Garcia-Zarate whether he still wishes to dismiss Serra.